[No. G022098. Fourth Dist., Div. Three. Feb. 26, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
CARLOS PULIDO FELIX, Defendant and Appellant.

COUNSEL

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Robert M. Foster and Garrett Beaumont, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**RYLAARSDAM, J.**—A jury convicted defendant Carlos Pulido Felix of possessing cocaine base in violation of Health and Safety Code section 11350, subdivision (a). He claims the trial court erroneously allowed the prosecution to introduce evidence of a prior drug-related conviction to rebut defense testimony concerning his drug use. The prosecution contends defendant waived the right to challenge the admission of this evidence, and the California Constitution's Truth-in-Evidence clause (Cal. Const., art. I, § 28, subd. (d), hereafter section 28(d)) authorizes the use of specific acts to prove or rebut a defendant's character in criminal cases. We hold the admissibility of the prior conviction has been preserved for review and the trial court erred by admitting independent evidence of it. Nonetheless, this ruling constituted harmless error.

FACTS

A group of police officers entered an apartment complex to execute several arrest and search warrants obtained after a lengthy investigation

which had revealed a high level of narcotics activity on the premises. Sergeant Gallagher saw defendant walking away from an area where some of the warrants were about to be served.

Gallagher asked defendant why he was in the complex. Defendant said he was coming from apartment No. 945, where a friend resided. Gallagher knew the complex did not contain an apartment designated by that number. When Gallagher continued to query him about the acquaintance's identity, defendant became nervous. Gallagher asked defendant if he had any weapons. Defendant said no, abruptly unbuttoned and removed his shirt, threw it at Gallagher, and ran away.

Gallagher radioed for assistance and other officers stopped defendant. While conducting a patdown search, the police discovered a syringe in defendant's pocket and placed him under arrest. Gallagher testified he also found a bindle containing cocaine base in defendant's pocket during a subsequent booking search.

The defense called Adolph Anaya and Janice Huibregtse as witnesses. Anaya testified he met defendant in 1992 while both of them were serving time in jail. While incarcerated, they ingested heroin together. Anaya knew the neighborhood where defendant grew up, and the drug commonly used in that area was heroin. Anaya never saw defendant use cocaine or had any knowledge that he used it.

Huibregtse, a juvenile probation officer, testified she met defendant a decade earlier when he was committed to a conservation camp primarily for drug offenses involving heroin. Based on her discussions with defendant and camp counselors, Huibregtse opined defendant only used heroin. On cross-examination, the prosecutor asked Huibregtse if her opinion would change if she learned defendant had possessed cocaine and heroin for sale and she said no.

On rebuttal, the prosecution introduced evidence that, in 1991, defendant had pleaded guilty to possessing heroin and cocaine for sale.

DISCUSSION

*Introduction*

The focus of this appeal concerns the parties' introduction of evidence concerning defendant's character for drug use.

Evidence Code section 1101, subdivision (a) (all further statutory references are to the Evidence Code unless otherwise noted) declares, "[e]xcept

as provided in this section and in Sections 1102, 1103, 1108, and 1109, evidence of a person's character or a trait of . . . character . . . is inadmissible when offered to prove his or her conduct on a specified occasion." Section 1102 creates an exception to this rule in criminal cases allowing "evidence of the defendant's character or a trait of his character in the form of an opinion or evidence of his reputation" when it is either "(a) [o]ffered by the defendant to prove his conduct in conformity with such character or trait of character," or "(b) [o]ffered by the prosecution to rebut evidence adduced by the defendant . . . ." (§ 1102.)

Although no objection was made, and it is not an issue here, we note that much of the testimony given by defendant's witnesses exceeded the scope of section 1102. Anaya testified defendant had a reputation for using heroin, but he admitted the basis for this testimony was his conversations with defendant and his personal knowledge concerning defendant's use of heroin. ■ "Reputation is not what a character witness may *know* about defendant. Reputation is the estimation in which an individual is held; in other words, the character imputed to an individual rather than what is actually known of him either by the witness or others." (*People v. McDaniel* (1943) 59 Cal.App.2d 672, 676 [140 P.2d 88]; see also *People v. McAlpin* (1991) 53 Cal.3d 1289, 1311 [283 Cal.Rptr. 382, 812 P.2d 563].) Anaya's testimony concerning defendant's reputation for drug use was inadmissible under section 1102.

Both Anaya and Huibregtse expressed opinions that defendant only used heroin. Neither witness qualified as an expert on drug use. ■ Lay opinion testimony is admissible under section 1102 when it is based on the witness's personal observation of the defendant's course of behavior. (*People v. McAlpin, supra,* 53 Cal.3d at pp. 1306-1310 [defendant charged with lewd conduct with a minor; two women who had dated him could express opinion he was not a sexual deviant based on their observations of him with their own daughters].) Anaya watched defendant ingest heroin, but Huibregtse admitted she never saw defendant use drugs. Her knowledge of his drug use was based on her review of records and conversations with both him and others at the conservation camp. Thus, Huibregtse should not have been allowed to express a lay opinion on defendant's drug use.

*Waiver*

■ Defendant attacks the trial court's decision to admit his prior conviction as rebuttal evidence, claiming it was irrelevant and did not satisfy the foundational requirements of section 1102. Initially, the prosecution argues defendant waived these claims by failing to make a timely objection on these grounds at trial.

While defendant failed to interpose a relevancy objection, a timely objection on that ground should have been overruled in any event. The defense's trial theory was that defendant did not use cocaine and, since he lacked the paraphernalia needed to ingest it, the police must have planted the cocaine on him. To support this theory, defendant presented evidence he used heroin, but not cocaine, and as a result, would not be likely to possess the latter drug. Since defendant placed his character trait for drug possession and use in issue, evidence rebutting the claim he would never possess cocaine was clearly relevant. (*People* v. *Wagner* (1975) 13 Cal.3d 612, 617-618 [119 Cal.Rptr. 457, 532 P.2d 105].)

Defendant preserved his claim under section 1102 for appellate review. Before trial, the prosecutor moved to exclude Anaya's and Huibregtse's testimony. The court denied the motion finding the testimony admissible under section 1102, subdivision (a). At the same time, it ruled defendant's prior conviction would be admissible. After the defense rested, the court again considered whether the prosecution could introduce the prior conviction. Defense counsel objected, noting that while he had previously conceded the prior conviction could be used to impeach defendant if he testified, "I am objecting to it now because my strategy has changed. I am not intending to call the defendant, and what it is doing . . . is putting in front of the jury a prior felony conviction."

This discussion alerted the court to the nature of the evidence, the basis of defendant's objection to it, and afforded the prosecution an opportunity to establish the prior conviction's admissibility. (§ 353, subd. (a); *People* v. *Holt* (1997) 15 Cal.4th 619, 666-667 [63 Cal.Rptr.2d 782, 937 P.2d 213]; *People* v. *Williams* (1988) 44 Cal.3d 883, 906-907 [245 Cal.Rptr. 336, 751 P.2d 395].) Thus, defendant's attack on the admission of the prior conviction as rebuttal evidence under section 1102 has been preserved for review.

*The Prior Conviction*

■ The trial court erred by allowing the prosecution to introduce independent proof of defendant's prior conviction. As previously noted, section 1101 generally excludes evidence of character or a trait of character to prove a person's conduct on a specified occasion. (§ 1101, subd. (a).) Section 1102 creates an exception to this rule in criminal cases for evidence "in the form of an opinion or . . . reputation," but not specific instances of conduct. (See *People* v. *Wagner, supra,* 13 Cal.3d at pp. 618-619.) Defendant's conviction for possessing heroin and cocaine for sale constituted evidence of a specific act.

The prosecution contends that, even though section 1102 does not authorize the admission of specific instances of conduct, California Constitution

article I, section 28(d) nevertheless permits its use in this case. Article I, section 28(d) declares, "[e]xcept as provided by statute hereafter enacted by a two-thirds vote of the membership in each house of the Legislature, relevant evidence shall not be excluded in any criminal proceeding . . . . Nothing in this section shall affect any existing statutory rule of evidence relating to privilege or hearsay, or Evidence Code, Sections 352, 782 or 1103. . . ."

Contrary to the prosecution's contention, article I, section 28(d) of the California Constitution did not abrogate the Evidence Code's foundational criteria for the admission of character evidence. Prior cases have declared article I, section 28(d) preserved section 1101 by implication. For example, in *People* v. *Perkins* (1984) 159 Cal.App.3d 646 [205 Cal.Rptr. 625], the court held: "The . . . 'Truth-in-Evidence' provision expressly preserves . . . section[] . . . 1103. The retention of section 1103 also means the retention of section 1101. The Law Revision Commission comments to sections 1102 and 1103 refer to them as 'exceptions (applicable only in criminal cases) to the general rule of section 1101 that character evidence is not admissible to prove conduct in conformity with that character.' The text of 1103 states that the section exists as an exception to section 1101. An interpretation of the 'Truth-in-Evidence' provision that retains section 1103 but eliminates 1101 is contradictory. Section 1103 cannot exist as an exception to a nonexistent rule. [¶] 'The literal language of enactments may be disregarded to avoid absurd results and to fulfill the apparent intent of the framers.' [Citation.] Were we to hold that [article I, section 28(d)] abrogates section 1101 in criminal cases, we would be reaching just such an absurd construction." (*Id.* at p. 650, fn. omitted.) More importantly, section 1101 has survived because in 1986, after the electorate added article I, section 28(d) to the state Constitution, the Legislature reenacted that statute by a two-thirds vote in both the Assembly and Senate. (Stats. 1986, ch. 1432, §§ 1,2, pp. 5129-5130; see *People* v. *Ewoldt* (1994) 7 Cal.4th 380, 390-393 [27 Cal.Rptr.2d 646, 867 P.2d 757]; *People* v. *Scott* (1987) 194 Cal.App.3d 550, 554 [239 Cal.Rptr. 588].)

Thus, section 1101 is still viable and excludes relevant character evidence except as specified in it. One exception mentioned in section 1101 is "as provided in . . . Section[] 1102." (§ 1101, subd. (a).) Since section 1101 expressly refers to section 1102 as an exception to it, the latter statute also survives intact. Section 1102 only permits character evidence in the form of an opinion or reputation. By admitting defendant's prior conviction as rebuttal evidence under this section, the trial court erred.

Nonetheless, there is no reasonable probability of a different result had the trial court excluded evidence of the prior conviction. (*People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].) The prosecutor could ask

defendant's character witnesses if they had heard about his conviction (see *People* v. *Wagner, supra,* 13 Cal.3d at p. 619), and did query Huibregtse on the subject.

Uncontradicted evidence established Gallagher encountered defendant in an apartment complex experiencing a high level of narcotics activity. Defendant gave Gallagher false information about his whereabouts and then attempted to flee. His possession of the syringe was illegal and supported the arrest. Given these circumstances, no apparent reason exists motivating the police to "plant" cocaine on defendant to justify taking him into custody.

Defendant's attempt to infer the police planted the cocaine on him through evidence he had a reputation for only using heroin and lacked the means of ingesting cocaine is, at best, feeble. The prosecution charged defendant with possessing cocaine base, not using the substance. His prior conviction also involved his possession of cocaine for the purpose of sale. In light of the foregoing, the erroneous admission of the prior conviction did not prejudice defendant.

### DISPOSITION

The judgment is affirmed.

Bedsworth, J., concurred. Crosby, Acting P. J., concurred in the result only.