134 Cal.Rptr.2d 432 (2003)
109 Cal.App.4th 56
The PEOPLE, Plaintiff and Respondent,
v.
Clyde Sherwood MOSS, Defendant and Appellant.
No. C039117.
Court of Appeal, Third District.
May 23, 2003.
Review Granted August 13, 2003.
*433 Louis Marinus Wijsen, under appointment by the Court of Appeal, Alameda, for Defendant and Appellant.
Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Senior Assistant Attorney General, John G. McLean and Harry Joseph Colombo, Deputy Attorneys General, for Plaintiff and Respondent.
SCOTLAND, P.J.
As required by subdivision (a)(1)(A) of Penal Code section 290, defendant Clyde Sherwood Moss registered as a convicted sex offender when he moved to Red Bluff in May 2000. But he failed to update the registration within five working days of his birthday the next year, as required by subdivision (a)(1)(D) of Penal Code section 290. (Further section references are to the Penal Code unless otherwise specified.)
Six working days late, defendant went to the Red Bluff Police Department to update his registration, saying that he had forgotten to do so on time. He was arrested and prosecuted under subdivision (g)(2) of section 290, which makes it a crime to "willfully" violate any sex offender registration requirement of section 290.
At trial, defendant's position was that he simply forgot to update his registration on time and that, when he remembered his obligation to do so, he immediately drove to the police department and attempted to register. However, the court would not allow him to introduce the testimony of four witnesses, corroborated by a Tehama County Mental Health Department report, to establish that he had borderline intellectual functioning and was forgetful. The court also refused defendant's request to instruct the jury that the term "willfully" in subdivision (g)(2) of section 290 "imports a requirement that the person knows what he is doing." Defendant was found guilty, and he was committed to state prison.
On appeal, defendant contends the court committed prejudicial error in excluding *434 the proffered evidence and refusing the requested instruction. We agree.
For reasons that follow, we part company with Division One of the Fourth Appellate District (People v. Cox (2002) 94 Cal. App.4th 1371, 115 Cal.Rptr.2d 123)[1] and conclude that genuinely forgetting to comply with a sex offender registration requirement is a defense to the charge of violating subdivision (g)(2) of section 290. Because the challenged rulings in this case precluded defendant from being able to effectively present this defense, we shall reverse the judgment.

DISCUSSION

I

A
Section 290 imposes a number of sex offender registration requirements upon a person who has been convicted of certain crimes. Among other things, after registering as a sex offender as required by subdivision (a)(1)(A) of section 290, the person must annually update the registration within five working days of his or her birthday. (§ 290, subd. (a)(1)(D).)
The Legislature has specified that, when a person required to register as a sex offender based on a felony conviction "willfully violates any requirement" of section 290, the person "is guilty of a felony and shall be punished by imprisonment in the state prison for 16 months, or two or three years." (§ 290, subd. (g)(2).)
This case poses the question of what the Legislature had in mind when it coined the phrase "willfully violates any requirement" of the sex offender registration statute. Specifically, we are asked to decide whether a convicted sex offender who knows of the requirement annually to update his registration, but who forgets to do so, has "willfully" violated this requirement. In other words, we must decide whether there is an "I forgot" defense to a failure to update one's sex offender registration.
In the context of section 290, subdivision (g)(2), "willfully" means "a purpose or willingness to ... make the omission" (§ 7), which means that the defendant "`"knows what he is doing"`" (People v. Garcia (2001) 25 Cal.4th 744, 752, 107 Cal.Rptr.2d 355, 23 P.3d 590 (hereafter Garcia), quoting People v. Honig (1996) 48 Cal.App.4th 289, 334, 55 Cal.Rptr.2d 555).
As we will explain, this element of willfulness requires that, when failing annually to update registration as a sex offender, the defendant knows that he is not complying with the statutory requirement. Accordingly, if defendant did, in fact, forget to update the registration, that would be a defense to the charge.

B
"[U]nless otherwise apparent from the context" of a statute defining a crime, "[t]he word `willfully,' when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act, or make the omission referred to. It does not require any intent to violate law, or to injure another, or to acquire any advantage." (§ 7.)
As noted in Kwan v. Mercedes-Benz of North America, Inc. (1994) 23 Cal.App.4th 174, 28 Cal.Rptr.2d 371, "willfulness" is a slippery term. (Id. at p. 183, 28 Cal. Rptr.2d 371.)
*435 "Although Penal Code section 7, subdivision 1 states willfulness is `simply a purpose or willingness to commit the act, or make the omission referred to,' there is no shortage of cases construing the term, in penal statutes, as conveying more than mere volition." (Kwan v. Mercedes-Benz of North America, Inc., supra, 23 Cal. App.4th at p. 182, 28 Cal.Rptr.2d 371; accord, People v. Hagen (1998) 19 Cal.4th 652, 663, 80 Cal.Rptr.2d 24, 967 P.2d 563.)
For example, in the federal offense of willfully failing to supply information for the assessment of income tax, willfulness means the omission was dishonest, deceitful, or fraudulent, not merely negligent, inadvertent, or an honest mistake. (Murrill v. State Board of Accountancy (1950) 97 Cal.App.2d 709, 710, 713, 714, 218 P.2d 569.) Likewise, in the felony offense of willfully making and subscribing a tax return without belief in its material truth, the element of willfulness requires proof that the defendant made the perjurious statement "in voluntary, intentional violation of a known legal duty." (People v. Hagen, supra, 19 Cal.4th at pp. 658-659, 666, 80 Cal.Rptr.2d 24, 967 P.2d 563; see also People v. Von Tiedeman (1898) 120 Cal. 128, 135, 52 P. 155 [h, a perjury prosecution for making an unqualified statement of a matter that the defendant did not know to be true (§ 125), the willful element of perjury (§ 118) requires proof that the defendant made such a statement "with the consciousness that he did not know that it was true, and with the intent that it should be received as a statement of what was true in fact"].)
"Similarly, where the crime involves harm or the risk of harm to another, willfulness has been interpreted to imply knowledge of harm or conscious disregard of safety. (See, e.g., People v. Odom (1937) 19 Cal.App.2d 641, 645-646 [66 P.2d 206] [in charging violation of hit-and-run statute, `willfully' implies knowledge driving had caused the injury or death of a person]; People v. McNutt (1940) 40 Cal. App.2d Supp. 835, 837-838 [105 P.2d 657] [in reckless driving statute, `willful' refers to intentional disregard of safety, not merely to intentional performance of the unsafe act].)" (Kwan v. Mercedes-Benz of North America Inc., supra, 23 Cal. App.4th at p. 182, 28 Cal.Rptr.2d 371.)
Thus, context is crucial in determining the meaning of the term "willfully." (Garcia, supra, 25 Cal.4th at p. 753, 107 Cal.Rptr.2d 355, 23 P.3d 590; People v. Hagen, supra, 19 Cal.4th at pp. 663-666, 80 Cal.Rptr.2d 24, 967 P.2d 563.)

C
The section 7 definition of "willfully" is most easily applied where one undertakes an affirmative act. For example, if a person walks across a street in the middle of the block in broad daylight, we ordinarily can say the person has "a purpose or willingness to commit the act," such that he or she is guilty of jaywalking even though the person has no intention to violate the law.
The concept of willfully omitting to do an act, as presented in this case, is more difficult.
At least one thing is clearthe California Supreme Court has held that "actual knowledge" of the sex offender registration requirement is essential for a valid conviction for the willful failure to register as required by section 290. (Garcia, supra, 25 Cal.4th at p. 754, 107 Cal.Rptr.2d 355, 23 P.3d 590.)
In People v. Cox, supra, 94 Cal.App.4th 1371, 115 Cal.Rptr.2d 123 (hereafter Cox), Division One of the Fourth Appellate District held that, as long as a convicted sex offender has actual knowledge of the requirement to register within five working *436 days of changing his residence or annually to update the registration within five working days after his birthday, he "willfully" violates the statute even if he simply forgets to meet the deadline. (Id. at pp. 1376-1377, 115 Cal.Rptr.2d 123.) The court reasoned: "Forgetting presupposes knowledge.... Human beings store in their brains a myriad of facts. At any given time the vast majority of those facts are in storage waiting for some cue to bring them to conscious recognition. A spouse may forget a wedding anniversary, a patient a medical appointment; such lapses arise not from a lack of actual knowledge but a failure to respond to cues. Persons keep calendars and appointment books, ask others to remind them of duties and obligations and tie strings around their fingers all to insure that important responsibilities are met. We conclude that within this context one willfully fails to register when possessed of actual knowledge of the requirement he or she forgets to do so. [¶] We think it is inconceivable the Legislature could have intended otherwise." (Id. at p. 1376, 115 Cal.Rptr.2d 123.)
The Cox analysis is not persuasive. Based on common experience and common sense, it is counter-intuitive to say that a person who simply forgets a wedding anniversary willfully insults his or her spouse. Indeed, although it is not a felony punishable by a commitment to prison, ignoring a wedding anniversary comes close to it, with a potential for such dire consequences that only the mean or the foolish would do so willingly, rather than inadvertently. And forgetting a doctor's appointment may well be negligent, but it is a significant stretch to characterize the omission as being willful.
As the California Supreme Court stated over half a century ago and reiterated recently, the term "willfully," as applied to criminal statutes by section 7, implies a "purpose or willingness" to do an act, or omit to do it, and "`imports a requirement that "the person knows what he is doing," '" (Garcia, supra, 25 Cal.4th at p. 752, 107 Cal.Rptr.2d 355, 23 P.3d 590), i.e., "intends to do what he is doing and is a free agent." (In re Trombley (1948) 31 Cal.2d 801, 807,193 P.2d 734.)
If a sex offender was aware of the requirements to register but temporarily and genuinely forgot to comply, how can it be said the person knew what he was doing when he inadvertently failed to register? In our view, such a person does not have the purpose or willingness to violate a section 290 registration requirement unless he knows of the requirement to register and knows that he is not complying with the requirement, i.e., he intentionally fails to do so. (See People v. Johnson (1998) 67 Cal.App.4th 67, 72 & fn. 3, 78 Cal.Rptr.2d 795 ["willfully" failing to register as a sex offender "requires that the prohibited ... omission occur intentionally," and "the requirement of a willful (purposeful, willing, or intentional) omission is more onerous than a negligent or reckless omission"].) Thus, honestly forgetting to comply is a defense.
Contrary to what the Court of Appeal said in Cox, supra, 94 Cal.App.4th at page 1376, 115 Cal.Rptr.2d 123, it is not "inconceivable" that the Legislature intended to excuse a bona fide memory lapse concerning a sex offender registration requirement. The Legislature did not make any failure to comply with the requirements a crime; instead, it specified that the failure must be willful. Not only does an "I forgot" defense comport with common sense and common experience regarding the concept of willfulness, it advances the purpose of the statutory scheme. This is so because a contrary interpretation would create a disincentive to register after a *437 person has forgotten to do so. Without an "I forgot" defense, the inevitable result will be a felony conviction. Thus, particularly where the registration violation will be a third strike carrying the possibility of life in prison (as is often the case with convicted sex offenders), the forgetful defendant might decide to take his chances at evading detection, rather than acknowledging the mistake and correcting it. To discourage registration after the forgetful defendant remembers the statutory obligation will undermine the Legislature's intent to "`assure that persons convicted of [certain crimes] shall be readily available for police surveillance at all times because the Legislature deemed them likely to commit similar offenses in the future.' [Citation.]" (Wright v. Superior Court (1997) 15 Cal.4th 521, 527, 63 Cal.Rptr.2d 322, 936 P.2d 101.)
Construing the statute to permit an "I forgot" defense does not undermine the statutory purpose. Merely making such a claim is not sufficient to preclude a conviction. The issue is factual, leaving to the trier of fact whether to believe defendant's claim that he knew of the duty to register but honestly forgot to do so. Considering the clarity of the registration requirement as well as the notice that is provided to convicted sex offenders about the requirement, it would be a rare case in which the trier of fact will believe this defense.
For the reasons stated above, we conclude that an honest failure to remember to register within the statutory deadline negates the element of "willfulness" and, consequently, it is a defense to violating a section 290 registration requirement.

II
Turning to defendant's specific claims of error, the record discloses that instructional and evidentiary errors occurred at trial and that they were not harmless.

A
Defense counsel asked the court to instruct the jury that "[t]he term `willfully' imports a requirement that the person knows what he is doing." This is a correct statement of the law. The term "willfully" implies the person knows what he is doing and intends to do what he is doing. (Garcia, supra, 25 Cal.4th at p. 752, 107 Cal. Rptr.2d 355, 23 P.3d 590; In re Trombley, supra, 31 Cal.2d at p. 807, 193 P.2d 734; People v. Honig, supra, 48 Cal.App.4th at p. 334, 55 Cal.Rptr.2d 555; In re Jerry R. (1994) 29 Cal.App.4th 1432, 1438, 35 Cal. Rptr.2d 155.)
The requested instruction was essential to defendant's theory of the case. If he truly forgot to update his registration as a sex offender within five working days of his birthday, he did not know what he was doing at the time of his omission and he did not willfully fail to do so. Defendant presented substantial evidence to support his position. He testified that he "simply forgot" to update his registration on time. And evidence disclosed that he attempted to rectify the oversight by going in to register a mere six working days after the deadline. This strongly suggests that he honestly forgot about his registration requirement within the deadline, and that he did not manufacture this story in an attempt to evade prosecution.
Thus, the court should have given the requested instruction. (See People v. Barton (1995) 12 Cal.4th 186, 195, 47 Cal. Rptr.2d 569, 906 P.2d 531 [the trial court has a duty to instruct sua sponte on a particular defense "`if it appears that the defendant is relying on such a defense, or if there is substantial evidence supportive of such a defense and the defense is not *438 inconsistent with the defendant's theory of the case.' [Citation.]"].)
The error was compounded by the prosecutor's argument to the jury that a genuine failure to remember to register is not a defense to a charge of violating section 290, and does not negate the element of willfulness.

B
The court also erred by excluding evidence proffered by defendant in support of his defense.
The court granted the prosecution's motion to exclude the testimony of four witnesses, corroborated by a report from the Tehama County Mental Health Department, indicating that defendant had borderline intellectual functioning and was forgetful. The court ruled that the testimony (1) was an inadmissible diminished capacity defense, (2) was the inadmissible testimony of a lay witness, and (3) addressed defendant's general mental state, rather than whether he was forgetful on the particular occasion of the charged offense.
But defendant was not asserting that he lacked the capacity to form the requisite intent because of his borderline intellectual functioning. (§ 28, subd. (a).) He merely wanted to establish that he was being truthful when he said that he did not remember to register in a timely fashion. This is not a diminished capacity defense.
As for the exclusion of lay testimony that defendant had a tendency to be forgetful, we fail to see how expert testimony was necessary to demonstrate this fact. It appears that the witnesses' proposed testimony was based on their personal observations of defendant. His tendency to be forgetful was relevant to establish it was reasonably probable that he was telling the truth regarding his forgetfulness on this occasion. (Evid.Code, § 1102, subd. (a) [a defendant may offer evidence of his character or a trait of his character in the form of an opinion or evidence of his reputation to prove his conduct was in conformity with such character or trait of character]; People v. Felix (1999) 70 Cal.App.4th 426, 430, 82 Cal. Rptr.2d 701 ["Lay opinion testimony is admissible under section 1102 when it is based on the witness's personal observation of the defendant's course of behavior"].)
Defendant's mental deficits and history of memory problems substantially bolstered his credibility. Hence, the excluded evidence was highly relevant and should have been admitted.

DISPOSITION
The judgment is reversed.
I concur: KOLKEY, J.
SCOTLAND, P.J., concurring.
Having authored the majority opinion, I write separately in response to my colleague's dissent. As did the Court of Appeal in People v. Cox (2002) 94 Cal.App.4th 1371, 115 Cal.Rptr.2d 123, he concludes albeit with different analysisthat there is no "I forgot" defense to a violation of the registration requirements of Penal Code section 290. In his view, the "willful" requirement of subdivision (g)(2) of the statute is satisfied by criminal negligence.
The dissent's scholarly effort to equate willfulness with criminal negligence simply points out that there are legitimate differences of opinion on this issue.
That the word "willfully" in section 290, subdivision (g)(2), is susceptible to different interpretations necessarily means the statute is ambiguous enough such that it must be construed in the defendant's favor. *439 (People v. Franklin (1999) 20 Cal.4th 249, 251, 255, 84 Cal.Rptr.2d 241, 975 P.2d 30 ["any statutory ambiguities in a penal law ordinarily should be construed in the defendant's favor"]; People v. Overstreet (1986) 42 Cal.3d 891, 896, 231 Cal.Rptr. 213, 726 P.2d 1288 ["When language which is susceptible of two constructions is used in a penal law, the policy of this state is to construe the statute as favorably to the defendant as its language and the circumstance of its application reasonably permit. ... [Citations.] [¶] Strict construction of penal statutes ... guards against judicial usurpation of the legislative function which would result from enforcement of penalties when the legislative branch did not clearly prescribe them.... [Citations.]"].)
Construing subdivision (g)(2) of section 290 as favorably to defendant as its language and the circumstances of its application permit means that the statute must be interpreted to allow an "I forgot" defense.
DAVIS, J., dissenting.
Because I conclude that an "I forgot" defense is not available to defendant, I would affirm the judgment. I therefore respectfully dissent from the majority opinion.

Background
The parties stipulated that defendant had four prior convictions for child molestation that required him to register, pursuant to Penal Code section 290 (hereafter section 290), within five working days of his birthday in the jurisdiction in which he resided.
The People presented evidence that defendant had registered with the Red Bluff Police Department pursuant to section 290 in May 2000, when he moved to Tehama County. Defendant listed his birth date as February 16, 1945. As of February 28, 2001, defendant had not registered with the Red Bluff Police Department. On March 5, 2001, defendant came to the police department to register and was arrested. Defendant claimed he had forgotten to register. On March 16, 2001, after his release from jail, he registered.
Defendant, 56 years old at the time of trial, testified that he had been imprisoned for sex offense convictions incurred in 1990. Upon his release from prison he was informed of his obligation to register as a sex offender within five working days of his birthday and whenever he moved. Except for the current charge, he had always done so; as to this charge, defendant claimed he "simply forgot." He tried to register at the police department one week after the final deadline for doing so. Instead, he was arrested and then immediately registered when he got out of jail. Defendant stated that friends had previously reminded him of the registration obligation; however, he received no such assistance since moving to Red Bluff.

Discussion
Defendant's principal contention is that the trial court misinstructed on the element of willfulness as it relates to knowledge, thereby preventing him from fully defending himself on the ground that he simply forgot to register when he was required to do so. Defendant argues that the section 290 offense requires not only actual knowledge of the legal duty to register, but also actual knowledge at the time he was required to register that he was omitting to do so; therefore, an "I forgot" defense would be available. As I explain, such a defense is not available to defendant.
The statute governing the registration of sex offenders, section 290, and a recent decision from our state Supreme Court, *440 People v. Garcia (2001) 25 Cal.4th 744, 107 Cal.Rptr.2d 355, 23 P.3d 590 (Garcia), set the stage for my rejection of defendant's appeal. To be convicted under section 290 for failing to register as a sex offender, that failure must be "willful[ ]." (See e.g., § 290, subd. (g)(2).) In Garcia, the court considered whether this "willful" failure to register requires a finding that the defendant actually knew about his duty to register, or whether it is sufficient that he was properly notified of this duty.
Garcia opted for actual knowledge. The court reasoned: "In a case like this, involving a failure to act, we believe section 290 requires the defendant to actually know of the duty to act. Both today and under the version applicable to defendant, a sex offender is guilty of a felony only if he 'willfully violates' the registration or notification provisions of section 290. [Citations.] The word `willfully' implies a `purpose or willingness' to make the omission. (§ 7.) Logically one cannot purposefully fail to perform an act without knowing what act is required to be performed. As stated in People v. Honig (1996) 48 Cal. App.4th 289, 334, 55 Cal.Rptr.2d 555, `the term "willfully" ... imports a requirement that "the person knows what he is doing." [Citation.] Consistent with that requirement, and in appropriate cases, knowledge has been held to be a concomitant of willfulness. [Fn. omitted.]' Accordingly, a violation of section 290 requires actual knowledge of the duty to register. A jury may infer knowledge from notice, but notice alone does not necessarily satisfy the willfulness requirement." (Garcia, supra, 25 Cal.4th at p. 752, 107 Cal.Rptr.2d 355, 23 P.3d 590.)
Defendant argues that the actual knowledge requirement of Garcia comprises two distinct forms of knowledge: knowledge of the legal duty to register, which defendant concedes he had; and knowledge at the time that he was required to register that he was omitting to do so, which defendant contends he did not have on this one occasion because he simply forgot to register for a short time after his 56th birthday. As defendant explains, "a defendant can know that he must register and nonetheless not be guilty of failing to do so if he did not have actual knowledge of making the omission.... [¶] ... [¶] In the instant case[,] the [trial] court did not instruct the jury on the requirement of actual knowledge of the omission and rejected requested instructions that would have done so.... [The court's] instruction covered only actual knowledge of the duty to register, not awareness of the omission. These two forms of knowledge are not identical, and proof of one does not satisfy the other."
In line with this argument, defendant claims the trial court was required to instruct the jury that a genuine failure to remember to register negates the element of willfulness; as defendant argues, to have willfully violated the registration law, he must have actually known he was omitting to register when the time passed for him to do so.
The trial court instructed the jury, as relevant, that defendant must have had "actual knowledge of his duty to register," and that, "having that knowledge, [must have] willfully failed to register as a sex offender ... within five working days of his birthday." The court further instructed the juryin line with Penal Code section 7's (hereafter section 7) definition of "willfully"that "`willfully,' when applied to the intent with which an act is done or omitted, means with a purpose or willingness to commit the act or to make the omission in question." The trial court refused defendant's requested instruction that "[t]he term `willfully' imports a requirement *441 that the person knows what he is doing."
An appellate decision has rejected a defense of "I forgot" to a section 290 charge of not registering. That decision is People v. Cox (2002) 94 Cal.App.4th 1371, 115 Cal.Rptr.2d 123 (Cox) (review den. Mar. 20, 2002). Cox was issued under direction from the state Supreme Court (see August 8, 2001, order, S084020) to reconsider in light of Garcia, supra, 25 Cal.4th 744, 107 Cal.Rptr.2d 355, 23 P.3d 590. (The state high court had collected a prior Cox decision for review along with the Garcia appellate decision.
In rejecting the "I forgot" defense, Cox explained: "We conclude there is a fundamental difference between Garcia's claim that he did not know he was required to register and appellant's claim that he forgot to register. Forgetting presupposes knowledge. Appellant, in our view, conceded that he had actual knowledge of the registration requirement. Human beings store in their brains a myriad of facts. At any given time the vast majority of those facts are in storage waiting for some cue to bring them to conscious recognition. A spouse may forget a wedding anniversary, a patient a medical appointment; such lapses arise not from a lack of actual knowledge but a failure to respond to cues. Persons keep calendars and appointment books, ask others to remind them of duties and obligations and tie strings around their fingers all to insure that important responsibilities are met. We conclude that within this context one willfully fails to register when possessed of actual knowledge of the requirement he or she forgets to do so. [¶] We think it is inconceivable the Legislature could have intended otherwise. Because the Legislature believed it is essential the authorities know at all times the whereabouts of those who have been convicted of committing sex offenses, it has created a demanding and rigorous registration scheme. (See Wright v. Superior Court (1997) 15 Cal.4th 521, 527-528 [63 Cal.Rptr.2d 322, 936 P.2d 101].)[¶] ... [¶] ... In the face of such rigorous notification and registration requirements, it is unreasonable to believe that in this context the Legislature intended that a mere lapse of memory would excuse a failure to register. There are simply some things that cannot be forgotten. To allow forgetfulness to excuse a failure to register, would serve, in this context, as an incentive not to remember. [¶] The willfulness element of section 290 requires actual knowledge of the registration requirement. We take that to mean that the defendant has become actually aware of the duty to register. Once a person is made aware of the registration responsibility, he or she may not defend on the basis that the requirement simply `slipped' his or her mind." (Cox, supra, 94 Cal.App.4th at pp. 1376-1377, 115 Cal.Rptr.2d 123.)
Notwithstanding the legislative policy rationale advanced in Cox, one must still grapple directly with the fact that a section 290 conviction requires the defendant to have "willfully violate[d]" a section 290 registration requirement. (See § 290, subds. (g)(1), (2) & (3), italics added.) A nagging question-in-fact, a logical dilemmaremains as to how one can willfully fail to perform a required act if he or she has genuinely forgotten the facts or deadline giving rise to the duty to act.
Because this nagging question, this logical dilemma, arises from statutory language, a proper analysis must begin with statutory language. Section 290 speaks in terms of "willfully violat[ing]." (§ 290, subds.(g)d), (2) & (3).) Section 7, used by the Garcia court as the cornerstone of its analysis, defines the word "willfully" for *442 general use in the Penal Code, as pertinent: "The word `willfully,' when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act, or make the omission referred to." (See Garcia, supra, 25 Cal.4th at pp. 752, 754, 107 Cal.Rptr.2d 355, 23 P.3d 590 [adopting this part of section 7's definition of "willfully" in defining section 290's willful failure to register]; see also People v. Johnson (1998) 67 Cal. App.4th 67, 72-73, 78 Cal.Rptr.2d 795 [same]; People v. McCleod (1997) 55 Cal. App.4th 1205, 1222, 64 Cal.Rptr.2d 545 [same].)
Section 7's definition of "willfully" is easier to understand and apply in the context of willfully committing an affirmative act than, as here, in willfully omitting to do something. One path to understanding criminal omissions is to think of them as encompassing two knowledge components: knowledge of the legal duty; and knowledge of the facts giving rise to the duty to act. (1 LaFave & Scott, Substantive Criminal Law (1986) § 3.3, p. 289 (hereafter 1 LaFave & Scott).) A person generally cannot be held criminally liable for an omissiona failure to actif he does not know of the legal duty or of the facts indicating a duty to act. (Garcia, supra, 25 Cal.4th at p. 752, 107 Cal.Rptr.2d 355, 23 P.3d 590; 1 LaFave & Scott, supra, § 3.3, pp. 289-291; Perkins & Boyce, Criminal Law (3d ed.1982) ch. 6, § 4, pp. 667-668 (hereafter Perkins & Boyce).)
However, this knowledge requirement is subject to an important qualification with respect to factual knowledge (hereafter referred to as "the qualification"). If the duty to act is of a strong, readily foreseeable or commonly understood nature, one may be required to take care to know the facts giving rise to that duty; ignorance is not an option. (1 LaFave & Scott, supra, § 3.3, p. 290, see also pp. 289, 291; Perkins & Boyce, supra, ch. 6, § 4, pp. 667-668; see also Hughes, Criminal Omissions (1958) 67 Yale L.J. 590, 607-611.) As one commentator has remarked: "In general one `cannot be said in any manner to neglect or refuse to perform a duty unless he has knowledge of the condition of things which requires performance at his hands.' This, however, is subject to one important qualification. If the legal duty of the person requires him not only to take positive action, but also to acquaint himself with certain facts in this connection, his forbearance or omission to do the latter will of itself constitute a negative act on his part [which may lead to criminal liability]." (Perkins & Boyce, supra, ch. 6, § 4, pp. 667-668, fns. omitted.)
This knowledge requirement animates two decisions that are worth noting. The first decision, which involves the concept of legal knowledge, is Lambert v. California (1957) 355 U.S. 225, 78 S.Ct. 240, 2 L.Ed.2d 228 (Lambert). Garcia relied on this decision. (Garcia, supra, 25 Cal.4th at pp. 752-753, 107 Cal.Rptr.2d 355, 23 P.3d 590.) The defendant in Lambert was convicted of failing to register as a convicted felon under a municipal ordinance; at her trial, she was not permitted to raise ignorance of the registration requirement as a defense. The high court reversed on the ground that due process requires that ignorance of a legal duty be allowed as a defense when "circumstances which might move one to inquire as to the necessity of registration are completely lacking." (355 U.S. at p. 229, 78 S.Ct. 240.) In Lambert, the defendant simply happened to be in a municipality that had a registration requirement. (Ibid.) The court noted that her conduct was "wholly passivemere failure to register. It is unlike ... the failure to act under circumstances that should alert the doer to the consequences of his deed." (Id. at p. 228, 78 S.Ct. 240.)
*443 The second decision involves the concept of factual knowledge, People v. Simon (1995) 9 Cal.4th 493, 37 Cal.Rptr.2d 278, 886 P.2d 1271 (Simon). There the court suggestedin an action involving the sale of securities by means of misleading statementsthat "willfulness" could include criminal negligence consisting of a failure "to investigate and discover" the facts. (Id. at pp. 507, 522, 37 Cal.Rptr.2d 278, 886 P.2d 1271; see also People v. Brown (1887) 74 Cal. 306, 310, 16 P. 1 [defendant's knowledge can be inferred from the fact he abstained from inquiry despite his suspicions].) Garcia acknowledged this point as well. (Garcia, supra, 25 Cal.4th at p. 752, 107 Cal.Rptr.2d 355, 23 P.3d 590; see also People v. Valdez (2002) 27 Cal.4th 778, 790, 118 Cal.Rptr.2d 3, 42 P.3d 511 [acknowledging this point too].) Along similar lines, one commentator has observed that "[a] duty to perform an overt act, of course, implies a duty to know the relevant facts. But a person may be negligent in failing to inform himself, or his ignorance may be intentional or reckless. The omission to do a required act must be evaluated by reference to these crucial questions. A person who was negligent in the acquisition of knowledge of certain facts might be reckless as regards the omission to do an act if he was aware of his ignorance of the facts." (Hall, General Principles of Criminal Law (2d ed.1960) p. 204.)
How does the knowledge requirement play out here? I believe that it does not augur well for defendant. Defendant is indeed correct that that the knowledge requirement at issue is comprised of two discrete forms: knowledge of the legal duty; and knowledge of the facts giving rise to the duty to act. Here, however, there is a pivotal qualification applicable to the second formdefendant was required to take care to know the facts giving rise to the duty to act, and he can be deemed to have acted willfully in not doing so.
Defendant concedes that he had actual knowledge of his legal duty to register. His point is that he simply forgot to apply this known legal duty to the fact that he had his 56th birthday. Thus, defendant relies on his lack of factual, as opposed to legal, knowledge. As defendant argues, "... Garcia leaves room for a more refined and precise determination of guilt that can accept that a defendant who [concededly] knows of the [legal] duty to register and who has always fully complied with that duty, may for one reason or another have been temporarily unaware of the fact that a deadline to register had arrived." (Italics added.)
The problem for defendant is that his duty to register as a sex offender is of a strong and readily foreseeable nature, thereby implicating the qualification to take care to know the facts giving rise to the duty to act. The duty is a strong one for the policy reason advanced in Cox: "Because the Legislature believed it is essential the authorities know at all times the whereabouts of those who have been convicted of committing sex offenses, it has created a demanding and rigorous registration scheme." (Cox, supra, 94 Cal. App.4th at p. 1376, 115 Cal.Rptr.2d 123.) The duty is a readily foreseeable one because it includes "rigorous" notification requirements, it continues for life, and it arises almost exclusively on major events such as birthdays or when one moves or changes his name. (See Cox, supra, 94 Cal.App.4th at pp. 1376-1377, 115 Cal. Rptr.2d 123.) Because of the strong and readily foreseeable nature of the registration duty, this means the registrant has to take care to know the facts giving rise to the duty. (See 1 LaFave & Scott, supra, § 3.3, pp. 290-291; Perkins & Boyce, supra, ch. 6, § 4, p. 668.) In short, he must make it his business to be informed about these facts. (Ibid.; see also Hughes, *444 Criminal Omissions, supra, 67 Yale L.J. at p. 611.) Failing to do so, in the words of section 7's definition of "willfully," "implies ... a ... willingness to ... make the omission referred to." As our state high court has observed, "willfulness," in the proper context, may encompass a failure "to investigate and discover" certain facts. (Simon, supra, 9 Cal.4th at pp. 507, 522, 37 Cal.Rptr.2d 278, 886 P.2d 1271.)
And what facts must defendant make it his business to be informed about? Almost exclusively, the factual triggers for sex offender registration are birthdays, changes of residence, or changes of name. (§ 290; Cox, supra, 94 Cal.App.4th at p. 1376, 115 Cal.Rptr.2d 123.) This is why it makes sense to apply the qualification to the knowledge requirement noted earlier. Here, the one fact that defendant must have taken care to know is the fact that he had a birthday. It is extremely difficult for a sex registrant to genuinely assert that he did not know, or was unaware, or forgot, that he had a birthday, especially if he concedes, as defendant does, that he knew of his legal duty to register on this event. It is similarly difficult to make this assertion regarding a move or a name change. In these contexts, "the nonculpability of ignorance is hardly a conceivable possibility." (See Hughes, Criminal Omissions, supra, 67 Yale L.J. at p. 611.) Again, a failure to act in these contexts "implies ... a ... willingness to ... make the omission referred to," which is the definition of "willfully" in section 7 regarding omissions. One common dictionary definition of "willingness" is, "[disposed to accept or tolerate; acquiescent." (American Heritage Diet. (2d college ed.1982) p. 1382.)
The court in Garcia observed that "the meaning of the term `willfully' varies depending on the statutory context." (Garcia, supra, 25 Cal.4th at p. 753, 107 Cal. Rptr.2d 355, 23 P.3d 590.) In the proper context, "willfulness" may encompass a failure "to investigate and discover" certain facts. (Simon, supra, 9 Cal.4th at pp. 507, 522, 37 Cal.Rptr.2d 278, 886 P.2d 1271; see Garcia, supra, 25 Cal.4th at p. 752, 107 Cal.Rptr.2d 355, 23 P.3d 590.) As I have explained, this is such a context.
Indeed, the context of sex offender registration can be contrasted with another context of criminal omissionthe willful failure to file a tax return. This willful failure has been generally construed as requiring a "voluntary, intentional violation of a known legal duty." (People v. Hagen (1998) 19 Cal.4th 652, 659-660, 666, 80 Cal.Rptr.2d 24, 967 P.2d 563 (Hagen).) A defense of forgetfulness would be available under this standard. (See State v. Sinner (Mo.App.1989) 779 S.W.2d 690, 692-693; United States v. Smith (5th Cir.1980) 618 F.2d 280, 282.) The reason for the difference is that the context is different. Filing a tax return is a legal duty demanded of most of the population, who must attempt to follow an array of complex laws and regulations. (Hagen, supra, 19 Cal.4th at p. 662, 80 Cal.Rptr.2d 24, 967 P.2d 563.) The tax realm displays a progressive scheme of civil penalties and criminal misdemeanor and felony punishments to deter both honest mistakes and willful fraud. This scheme is designed to separate the purposeful tax violator from the well-meaning, but easily confused taxpayer. (Ibid.) The context of sex offender registration does not share these attributes. The population of registrants is relatively small. Authorities must inform the registrant of the legal duty and any material changes in that duty. And the law is not complex. Basically, you register on your birthday, when you move and if you change your name. (See § 290; Cox, supra, 94 Cal.App.4th at pp. 1376-1377, 115 Cal.Rptr.2d 123.) Again, it is difficult to *445 forget a birthday, a move or a name change.
Here, the trial court did not err in instructing the jury in a manner that prevented defendant from fully presenting a defense of "I forgot" to register. Such a defense is unavailable to defendant.
That is not to say there was no problem with the instructions given here. In Garcia, the court condemned an instruction that "ignorance of the law is no excuse" (CALJIC No. 4.36), since such ignorance is an excuse in a section 290 prosecution. (Garcia, supra, 25 Cal.4th at p. 754, 107 Cal.Rptr.2d 355, 23 P.3d 590.) The trial court here did not give this instruction. But the court did provide instructions that, in part, raise similar concerns. As defendant points out, as part of the instruction on the word "knowingly," the court stated that "[k]nowledge of the unlawfulness of any ... omission is not required." (CALJIC No. 1.21.) As part of its instruction on the word "willfully," the court instructed that "`willfully' does not require any intent to violate the law...." (CALJIC No. 1.20.) And with respect to its general intent instruction, the court stated that "[g]eneral intent does not require an intent to violate the law," and noted that one may act with general criminal intent "even though he may not know that his act or conduct is unlawful." (CALJIC No. 3.30.) (See Garcia, supra, 25 Cal.4th at pp. 753-754, 107 Cal.Rptr.2d 355, 23 P.3d 590 [finding CALJIC No. 1.20 inadequate in this respect]; People v. Edgar (2002) 104 Cal.App.4th 210, 218-219, 222, 127 Cal. Rptr.2d 662 [finding CALJIC Nos. 1.20 and 3.30 erroneous in these respects].)
Nonetheless, any instructional error here that denigrated the requirement of actual knowledge of the legal duty to register was harmless beyond a reasonable doubt. (See Garcia, supra, 25 Cal.4th at p. 755, 107 Cal.Rptr.2d 355, 23 P.3d 590.) This is because defendant concedes that he had actual knowledge of the legal duty to register on his birthday or within five working days of it.
Defendant additionally contends that the trial court erred in excluding evidence of his tendency to forget. In light of what I have said above, such evidence was irrelevant regarding the factual deadlines or triggers for registering and therefore was properly excluded.
One final note. Often, a convicted sex offender who fails to register will have committed a felony within the meaning of the Three Strikes law. (See §§ 290, subds. (g)(1), (g)(2), 667, subds. (b)-(i), 1170.12, subds. (a)-(d).) A sentence of 25 years to life, then, is a distinct possibility for a failure to register. The court in People v. Chuff (2001) 87 Cal.App.4th 991, 105 Cal.Rptr.2d 80 (Cluff) expressed deep reservations about such sentences for "technical" violations of registration requirements, where the failure to register does not show an intent to deceive or evade law enforcement or any recidivist tendencies toward sexual offenses or molestation. (Id. at pp. 994, 1001, 1004.) Cluff concluded the trial court there had abused its discretion in denying a Romero motion to strike one or more of the defendant's priors. (Id. at p. 994, 105 Cal. Rptr.2d 80; People v. Superior Court (Romero) (1996) 13 Cal.4th 497, 53 Cal. Rptr.2d 789, 917 P.2d 628.)
The "technical" violation in Cluff involved a defendant who had registered his change of residence and continuously resided there for two years, but never updated his registration on the two birthdays that fell within this period. (Cluff supra, 87 Cal.App.4th at pp. 994-996, 105 Cal. Rptr.2d 80.) The court in Cluff characterized these two failures as "the most technical violation of the section 290 registration requirement we have seen." (Id. at p. 994, *446 105 Cal.Rptr.2d 80.) If this was the most technical violation the Cluff court had ever seen, the violation before us must be the gold standard of technical violations. Notwithstanding the prosecutor's desire here to throw the book at defendant, the trial court sensibly struck three of defendant's four prior convictions and sentenced him to 32 months. In describing the technical violation here, the court relied on the factors noted in Cluff. The trial court closed with these remarks: "If we prosecute people like this [defendant, then there is little incentive for a defendant, once [he has] blown that five-day time period, to come in and register at all. If you are looking at 25-years-to-life, why in the world would you come in and register if you have missed the five days?" It could not have been said any better.
NOTES
[1] In an opinion not yet final, Division Three of the First Appellate District also has held, with a justice dissenting, that "forgetting, by itself, does not negate willfulness for purposes of a charge of violating the registration updating requirement of section 290." (People v. Barker (2003) 107 Cal.App.4th 147, 160, 131 Cal.Rptr.2d 801.)