[No. B118866. Second Dist., Div. Five. Oct. 6, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
MACK ABEE JOHNSON, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II of the discussion.

**COUNSEL**

Thomas F. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Pamela C. Hamanaka and Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**GRIGNON, J.**—Defendant and appellant Mack Abee Johnson appeals from a judgment following a jury trial in which he was convicted of failing to register as a sex offender and a court trial in which two prior serious felony conviction allegations were found to be true. In the published portion of this opinion, we address defendant's contention the trial court erred by failing to properly instruct the jury as to the meaning of the term "willfully." In the unpublished portion of the opinion, we conclude defendant's 25-year-to-life sentence does not constitute cruel and unusual punishment. We affirm.

PROCEDURAL BACKGROUND

Defendant was charged by information with failing to register as a sex offender in violation of Penal Code section 290, subdivision (g)(2). It was further alleged defendant had suffered two prior serious felony convictions within the meaning of Penal Code section 1170.12. A jury convicted defendant as charged in the information. The trial court found the prior serious felony conviction allegations to be true and sentenced defendant to state prison for 25 years to life. Defendant appealed.

FACTS

Pursuant to Penal Code section 290, those individuals convicted of certain sex offenses are required to register their residence with the appropriate law enforcement agency. In Los Angeles County, residents of cities are required to register with the police agency for their city; residents of unincorporated areas are required to register with the Los Angeles County Sheriff's Department. The sheriff's department has designated certain of its stations as sex offender registration sites. Sex offenders who have committed offenses against children must register at only those registration sites which house child abuse units. Sex offenders must register with the law enforcement

agency for a new residence within a certain time frame. In 1996, registration was required within 14 days of obtaining a new residence. Effective January 1, 1997, the time for registration was reduced to five days. Sex offenders who are due to be released from state prison are required to complete a form of intended residence upon release.

In 1991, defendant was convicted of child molestation in violation of Penal Code section 288, subdivision (a), a registrable offense. Initially, he was sentenced to state prison. On August 8, 1995, defendant was released from state prison. He moved to a residence in the City of Pomona. The day after his release from state prison, he reported to his parole agent and registered as a sex offender with the Pomona Police Department. Subsequently, defendant's parole was revoked and he was recommitted to state prison. On November 21, 1996, defendant completed a form indicating his intended residence upon release from state prison was his previous residence in Pomona. The form advised defendant of the lifetime registration requirement and the 14-day time period for registering a change of residence.

Defendant was released from prison on December 12, 1996. He moved to his aunt's residence in the unincorporated area of Duarte. He reported to his Pomona parole agent the next day and told him he intended to live with his aunt in Duarte. The Pomona parole agent transferred defendant's parole supervision to the El Monte parole office. The Pomona parole agent advised defendant he had five days to register as a sex offender at the Temple City station of the sheriff's department. This advice was partially erroneous—defendant had 14 days to register. Moreover, at the Temple City station, defendant would have been advised that child sex offenders were required to register with the child abuse unit. The child abuse unit registers sex offenders at Altadena, East Los Angeles, and Industry.

Defendant did not register as required. When asked by his parole agent in late December 1996 why he had not yet registered, defendant stated he had lacked transportation and time. The parole agent ordered defendant to report immediately. Defendant made no further efforts to register and never reported to his parole agent. Defendant believed he was already in violation of parole and would be returned to state prison. After a time, defendant simply forgot about the matter. Defendant was arrested on a warrant in March 1997.

Defendant's Pomona parole agent had told him to register at the Temple City station. Defendant testified he had attempted to go to the Temple City station on two occasions. On the first attempt, he had car trouble. On the second attempt, he was successful. He claimed to have been directed to Norwalk by a clerk at the Temple City station and to have made one effort to register in Norwalk, but could not find the location.

## DISCUSSION

### I. *Willful Failure to Register*

A sex offender who "willfully" fails to register with the appropriate law enforcement agency within the required time period is guilty of a violation of Penal Code section 290.[1] In this case, the trial court instructed the jury as to the elements of the offense as follows: "Any person required to register pursuant to Penal Code section 290 shall comply with the following requirements for the rest of his life[:] [¶] (1) Shall register with the chief of police or sheriff[] of the county, if he is domiciled in an unincorporated area. [¶] (2) Shall register within 14 days of coming into any city, or county, or city and county in which he temporarily resides and is domiciled for that length of time, and [¶] (3) Shall be required annually to update his registration, within five working days of his birthday, verifying his name and address. [¶] Any person required to register under this section who willfully violates this section is guilty of the crime of failure to register."

The trial court further instructed the jury as to general intent crimes in the language of CALJIC No. 3.30 as follows: "In the crime charged in Count 1, namely, failure to register pursuant to Penal Code section 290, there must exist a union or joint operation of act or conduct and general criminal intent. To constitute general criminal intent it is not necessary that there should exist an intent to violate the law. When a person intentionally does that which the law declares to be a crime, he is acting with general criminal intent, even though he may not know that his act or conduct is unlawful." The trial court also instructed the jury as to the definition of "willfully" in the language of CALJIC No. 1.20 as follows: "The word 'willfully' when applied to the intent with which an act is done or omitted means with a purpose or willingness to commit the act or make the omission in question. The word 'willfully' does not require any intent to violate the law, or to injure another, or to acquire any advantage." (Cf. Pen. Code, § 7, subd. 1.)

On appeal, defendant contends for the first time that the failure to register must be reckless or grossly negligent. He argues that the definition

---

[1]In 1996, Penal Code section 290, subdivision (g)(2) provided as follows: "Notwithstanding paragraph (1), any person who has been convicted of assault with intent to commit rape, oral copulation, or sodomy under Section 220, any violation of Section 264.1 or 289 under Section 220, any violation of Section 261, any offense defined in paragraph (1) of subdivision (a) of Section 262 involving the use of force or violence for which the person is sentenced to state prison, any violation of Section 264.1, 286, 288, 288a, 288.5, or 289, subdivision (b) of Section 207, or kidnapping, as punishable pursuant to subdivision (d) of Section 208, and who is required to register under this section who willfully violates this section is guilty of a felony punishable by imprisonment in the state prison for 16 months, or two or three years." (Stats. 1995, ch. 840, § 2.)

of willfully as given by the trial court effectively converted the offense into a strict liability crime. We disagree.[2]

■ As a general rule, a statute proscribing willful behavior is a general intent offense. (*People* v. *Prevost* (1998) 60 Cal.App.4th 1382, 1391-1393 [71 Cal.Rptr.2d 487] [Pen. Code, § 593d, former subd. (b), distribution of unauthorized cable converters]; *People* v. *Bell* (1996) 45 Cal.App.4th 1030, 1043 [53 Cal.Rptr.2d 156] [Civ. Code, § 892, rent skimming]; *People* v. *Stark* (1994) 26 Cal.App.4th 1179, 1181-1184 [31 Cal.Rptr.2d 887] [Pen. Code, § 484b, diversion of construction funds].) A statute which includes "willfully" language may nevertheless define a specific intent offense if the statute includes other language requiring a specific intent. (*People* v. *Dollar* (1991) 228 Cal.App.3d 1335, 1340-1341 [279 Cal.Rptr. 502] [threatening a witness (Pen. Code, § 139) requires the defendant to intend to cause the victim fear].) However, "willfully" language without any additional specific intent language denotes a general intent offense. (*People* v. *Prevost, supra,* 60 Cal.App.4th at p. 1392; *People* v. *Stark, supra,* 26 Cal.App.4th at pp. 1182-1183; *People* v. *Dollar, supra,* 228 Cal.App.3d at p. 1341.) The only intent required for a general intent offense is the purpose or willingness to do the act or omission. (*In re Smith* (1972) 7 Cal.3d 362, 364 [102 Cal.Rptr. 335, 497 P.2d 807].) The term "willful" requires that the prohibited act or omission occur intentionally.[3] (*In re Jerry R., supra,* 29 Cal.App.4th 1432, 1438.)

■ Penal Code section 290 simply prohibits the willful failure to register. It contains no other intent language and, therefore, is unquestionably a general intent offense. No specific intent or other mental state is required. (Cf. *People* v. *McCleod* (1997) 55 Cal.App.4th 1205, 1222 [64 Cal.Rptr.2d 545].) The willfulness element of Penal Code section 290 is satisfied by a purposeful or willing omission. (55 Cal.App.4th at p. 1222.) Thus, defendant is guilty of a violation of Penal Code section 290 if he willfully failed to register. Substantial evidence in this case supports a finding of willful omission. Defendant knew he was required to register with the sheriff's department within a certain time period. He did not do so. Admittedly, he made some efforts and there was some confusion as to the location and the time period. However, the jury could reasonably have concluded that defendant did not make sufficient efforts to register and thus willfully failed to register. This conclusion is supported by evidence that the

---

[2]Defendant failed to preserve any constitutional issues in the trial court, and thus, he has waived his right to raise them on appeal. (*People* v. *Rudd* (1998) 63 Cal.App.4th 620, 628-629 [73 Cal.Rptr.2d 807]; *People* v. *Pifer* (1989) 216 Cal.App.3d 956, 963 [265 Cal.Rptr. 237].)

[3]We note that the requirement of a willful (purposeful, willing, or intentional) omission is more onerous than a negligent or reckless omission. (*In re Jerry R.* (1994) 29 Cal.App.4th 1432, 1439 [35 Cal.Rptr.2d 155].)

failure to register was due in part to transportation difficulties and in part to defendant's indifference. The parole agent advised defendant to report for further instructions. Defendant did not do so and made no efforts during the next two months to properly register.

The instructions given by the trial court permitted the jury to find that defendant's failure to register was not willful, but rather the result of misinformation and lack of transportation. The jury did not so find. The instructions did not convert a general intent offense into a strict liability offense. The general intent instruction required an "intentional" failure to register. The "willful" instruction required a "purpose or willingness" to make the omission. When defendant allowed transportation difficulties, misinformation, and fear of parole revocation to deter him from registering as a sex offender for almost three months, defendant intentionally and willingly failed to register.

II. *Cruel and Unusual Punishment**

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

DISPOSITION

The judgment is affirmed.

Turner, P. J., and Godoy Perez, J., concurred.

---

*See footnote, *ante*, page 67.