90 Cal.Rptr.2d 9 (1999)
76 Cal.App.4th 9
The PEOPLE, Plaintiff and Respondent,
v.
Glen COX, Defendant and Appellant.
No. D032205.
Court of Appeal, Fourth District. Division 1.
November 2, 1999.
Review Granted February 16, 2000.
*10 Lynne G. McGinnis, under appointment by the Court of Appeal, for Defendant and Appellant.
Bill Lockyer, Attorney General, Robert Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Laura W. Halgren and Craig S. Nelson, Deputy Attorneys General, for Plaintiff and Respondent.
Certified for Partial Publication.[1]
BENKE, Acting P.J.
Glen Cox was found guilty of failing to register as a sex offender. (Pen.Code,[2] § 290, subd. (a)(1), (f), (g)(2).) He was granted probation on the condition, among others, that he serve 180 days in jail. Cox appeals, arguing insufficient evidence to support the conviction and imposition of improper conditions of probation.

FACTS

A. Prosecution Case

Appellant had a prior conviction that required he register as a sex offender pursuant to section 290. Appellant moved from Oceanside to a trailer park in Encinitas on February 5, 1998. On March 31, 1998, Sheriffs Detective Daniel Laibach went to the trailer park and placed appellant under arrest for failing to register as a sex offender. At the jail, appellant was reminded he had signed a lifetime requirement he register as a sex offender and that when he moved to Encinitas he failed to so notify the authorities. Appellant replied that he forgot to register. Appellant asked to register. The detective explained that when he got out of jail he would have go to the sheriffs licensing division which was at another location.
On April 14, 1998, the detective went back to the Encinitas trailer park and saw appellant's truck parked at his trailer.
On April 28, 1998, appellant was contacted by a Carlsbad police officer concerning a registration problem with his truck. When the officer asked appellant if he had ever been arrested, he stated he had and that he was required to register as a sex offender. When the officer asked if he had registered, appellant stated he had not yet registered at his new address. Appellant stated he asked to register when he was taken to jail but was told he could not register there. Appellant told the officer he believed he had 30 days to register and that he believed he still had time.
On July 6, 1998, appellant registered with the sheriffs office.
A custodian of records for the Oceanside Police Department testified appellant registered pursuant to section 290 in Oceanside on July 25, 1997, and registered again on May 18, 1998.

B. Defense

Appellant testified when he moved from Oceanside to Encinitas he forgot to register because he was busy with the move. When he was arrested and taken to the *11 Encinitas sheriffs substation, he asked to register but was told he would have to register with the sheriffs licensing division at another location.
Appellant spent three days in jail after his April 2 arrest. Upon his release, a jail clerk told him that he had 30 days to register as a sex offender.
Shortly after his release, appellant was evicted from his Encinitas residence and made plans to return to Oceanside on May 1. Appellant was arrested again on April 28 for failure to register. Between April 2 and April 28 appellant had possession of a pickup truck but did not have proof of ownership of the vehicle for the entire period. Appellant stated he did not register because he thought he had 30 days to do so, he was unable to do so because he did not have title to the truck and therefore had no transportation and was not required to register because he was no longer a resident of Encinitas after being evicted from the trailer park.

DISCUSSION

A. Section 290 and Willfulness

Appellant argues the trial court, the trier of fact in this case, misinterpreted the element of willfulness required for a violation of section 290, subdivision (g)(2), with the result that it failed to consider appellant's defense that he did not willfully violate the section since he forgot he was required to register.

1. Background
The information charged that "[o]n or about and between March 31, 1998 and April 28, 1998," appellant, a person required to register as a sex offender pursuant to section 290, "did wilfully and unlawfully fail to inform, in writing within five days the law enforcement agency or agencies with whom he or she last registered of a change of residence address ..., in violation of [section] 290(a)(l)(f)(g)(2)."
Section 290, subdivision (a)(1)(A), requires, for the purposes of this case, persons convicted of certain crimes register with the applicable law enforcement agency within five days of becoming a resident of a city or county.
Section 290, subdivision (f)(1), requires a registrant who changes his residence address to so inform in writing within five days the police agency with which he last registered. Section 290, subdivision (g)(2), states in part that any person who is required to register based on a felony conviction "who willfully violates any requirement of [the] section ... is guilty of a felony."
As we understand the information, the evidence, the arguments of counsel and the comments of the trial court, there were two theories supporting appellant's conviction: first, his failure to inform the Oceanside Police Department, in writing, within five days that he had changed his residence address; and second, his failure to notify the sheriffs department within five days that he was residing in an unincorporated area of the county.
These two omissions involved two separate time periods defined by the defenses offered. The first was the time period beginning five working days after his February 5, 1998, move from the city of Oceanside to an unincorporated area of San Diego County. As to this period, appellant claimed his failures to inform and register were not willful since he had forgotten he was required to do so. After his arrest for violations of section 290 on March 31, 1998, appellant could no longer defend on a claim of memory failure, since as to that period he stated he had been informed by someone at the sheriffs department he had 30 days to fulfill his registration requirements and that in any case he had no means of transportation to the sheriffs registration office. His failures to inform and register were, therefore, after March 31, also not willful.
In finding appellant guilty, the trial court interpreted willfulness in the context of section 290, subdivision (g)(2), as not *12 requiring that a defendant who had been informed of his legal obligations, actually remembered he was required to inform and register. The trial court found any other interpretation absurd and stated that to require proof the defendant actually remembered his duty would do much to render the registration requirement meaningless.
The court made no comment on appellant's defense that after his arrest on March 31, 1998, someone told him at the sheriffs department that he was not required to register for 30 days. In finding appellant guilty, the trial court clearly relied on appellant's failure to inform and register between his move on February 5, 1998, and his arrest on March 31, 1998. The court stated it found that at the time of appellant's arrest on March 31, 1998, he had been living at a residence in an unincorporated area of the county for a month and a half and had failed both to register with the sheriff and to inform the Oceanside Police Department of his new address.

2. Case Authority
Two cases have discussed the willfulness element of the crime of failing to inform and register as required by section 290. In People v. Johnson (1998) 67 Cal.App.4th 67, 78 Cal.Rptr.2d 795, the defendant was on notice of the registration requirement. He claimed he failed to register because he lacked transportation and time, and because on one occasion he was unable to find the registration office to which he was sent by a sheriffs clerk. (Id. at pp. 69-70, 78 Cal.Rptr.2d 795.)
At trial the court instructed the jury concerning the elements of the offense. It instructed that the crime required general criminal intent and defined that concept. The court instructed concerning the requirement of willfulness in the language of section 7, subdivision 1. (People v. Johnson, supra, 67 Cal.App.4th at p. 71, 78 Cal.Rptr.2d 795.)
On appeal the defendant claimed that a violation of section 290, subdivision (g)(2), required a reckless or grossly negligent failure to register and that the instructions given the jury defined instead a strict liability offense. (People v. Johnson, supra, 67 Cal.App.4th at pp. 71-72, 78 Cal. Rptr.2d 795.)
The Court of Appeal noted that a violation of section 290, subdivision (g)(2), was a general intent and not a strict liability crime and that the willfulness element of the crime was satisfied by a purposeful or willing omission. The court concluded there was sufficient evidence to find a willful omission. It noted the defendant was aware of the duty to register and that while he claimed to have made efforts to do so, the jury could reasonably conclude those efforts were insufficient and, thus, that his failure to register was willful. The court stated the instruction given allowed the jury to find that defendant's failure to register was the result of misinformation and a lack of transportation and, therefore, not willful. The jury simply did not so find. (People v. Johnson, supra, 67 Cal.App.4th at pp. 72-73, 78 Cal.Rptr.2d 795.)
In People v. Garcia (1999) 73 Cal. App.4th 1099, 87 Cal.Rptr.2d 292, the defendant claimed he was not guilty of a failure to register pursuant to section 290, subdivision (a)(1), because he had not been told and did not know that he was required to register. On being released to parole the defendant signed a form stating he understood his duty to register as a sex offender. In addition, prison records included a declaration from an official that he had informed the defendant of the registration requirement. At trial the defendant stated he had not read the registration notification document and that no one informed him of the registration requirement. (Id. at pp. 1102-1104, 87 Cal. Rptr.2d 292.)
The jury was instructed concerning the element of a violation of section 290, subdivision (g)(2). It was told, among other things, that it was necessary the failure to *13 register be willful and that on release to parole the defendant was informed of his duty to register. (People v. Garcia, supra, 73 Cal.App.4th at p. 1104, 87 Cal.Rptr.2d 292.)
On appeal the defendant argued it was not enough that he be informed of his duty to register, it was necessary he have knowledge of the registration requirement. The court first rejected a constitutional claim to that effect, finding that due process required only that he be informed of the registration requirement. The court noted that in Lambert v. California (1957) 355 U.S. 225, 78 S.Ct. 240, 2 L.Ed.2d 228, the high court found a Los Angeles city ordinance requiring convicted felonies to register with the Chief of Police denied due process since there was no requirement the felon be informed of the registration requirement. (People v. Garcia, supra, 73 Cal.App.4th at pp. 1105-1107, 87 Cal.Rptr.2d 292.)
Lambert stated that while lawmakers have a wide power to exclude from crimes elements of knowledge and diligence, when dealing with wholly passive conduct, and when the consequences of inaction are not apparent, due process requires notice of the duty to act. The Garcia court observed that in the case before it the jury was required to find notice was given of the registration requirement. There was no denial of due process. (People v. Garcia, supra, 73 Cal.App.4th at pp. 1105-1107, 87 Cal.Rptr.2d 292.)
The defendant in Garcia made a related argument that the willfulness element of section 290, subdivision (g)(2), necessarily implied the defendant actually knew he was required to register. He argued that CALJIC No. 1.20, defining willfulness, was inadequate since it did not tell the jury that before he could willfully fail to register it was necessary he was actually aware of that obligation. The court rejected the assertion. It stated: "In our view, it is possible for a person to `purposefully' and `willingly' omit to do something within the meaning of section 7, subdivision 1, even where the person has no actual knowledge of the obligation to act. Instead, under the section 7, subdivision 1 definition, an omission to act would not be `willful' if circumstances beyond the defendant's control prevented him from acting, such as ... mental infirmity prevented the defendant from registering in a timely fashion. This would make the omission to act `unwillful' and would provide a defense whether or not the appellant was aware of his obligation to register. [Citation.] Of course, that is not the case here." (People v. Garcia, supra, 73 Cal.App.4th at pp. 1107-1109, 87 Cal.Rptr.2d 292.)
The court also noted its conclusion that actual knowledge of the registration requirement was not an element of section 290, subdivision (g)(2), did not conflict with cases holding that actual knowledge of some event or status was necessary for conviction of certain other offenses arising from an omission to act. The court noted that the Supreme Court in Garabedian v. Superior Court (1963) 59 Cal.2d 124, 127, 28 Cal.Rptr. 318, 378 P.2d 590, implied in the crime of "hit and run driving" (Veh. Code, § 20001) an element that the driver have knowledge that an accident had occurred and that someone was injured before a duty arose to stop and give information. (People v. Garcia, supra, 73 Cal. App.4th at pp. 1110-1111, 87 Cal.Rptr.2d 292.)
The court stated: "This requirement makes sense, in light of the fact the State cannot give `notice' to a driver that he has just been in an accident. [Citation.] However, where as here, the state is required to give actual notice to the defendant of his duty to register, there is no compelling reason to imply a similar `knowledge' element in a prosecution under section 290. As the court noted in [Lambert, supra], `[t]here is wide latitude in lawmakers to declare an offense and to exclude elements of knowledge and diligence from its definition.' [Citation.]" (People v. Garcia, supra, 73 Cal.App.4th at pp. 1110-1111, 87 Cal.Rptr.2d 292.)

*14 3. Discussion
Appellant essentially argues the trial court erroneously rejected the consideration of a legitimate defense, i.e., he did not willfully fail to inform and register since he forgot he was required to do so. We agree with Garcia that the willfulness element of section 290, subdivision (g)(2), does not require the defendant actually recall his or her legal obligation to inform and register.
Section 7 defines various words and phrases used in the Penal Code. It states: "The following words have in this code the significance attached to them in this section, unless otherwise apparent from the context: [¶] 1. The word `willfully,' when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act, or make the omission referred to. It does not require an intent to violate the law, or injure another, or to acquire any advantage."
The courts have repeatedly emphasized the importance of context to the proper interpretation of the term willfulness. In Kwan v. Mercedes-Benz of North America, Inc. (1994) 23 Cal.App.4th 174, 28 Cal.Rptr.2d 371, the court described the concept of willfulness as "slippery" and "nuanced." It provided a series of hypotheticals, asked rhetorically if the conduct cited was willful and then stated: "These are questions that cannot be answered by application of a universal formula outside the context of the particular statute being considered." (Id. at p. 183, 28 Cal.Rptr.2d 371.) The court concluded "`[t]he word "willful" is used in different statutes with various shades of meaning.'" (Id. at p. 184, 28 Cal.Rptr.2d 371; see also People v. Hagen (1998) 19 Cal.4th 652, 658-666, 80 Cal.Rptr.2d 24, 967 P.2d 563 [interpreting the term "willfulness" in a Rev. and Tax Code section].)
Thus, both section 7 and case law make clear that context is crucial in determining the meaning of the term "willfulness." No universal definition applies and necessarily the concept has different meanings in different statutory contexts. This is reasonably so since the word is used as to both acts and omissions and in a variety of legal and factual settings.
What did the Legislature intend when it required that a failure to register be willful? We think it inconceivable the Legislature intended that a failure to register could be excused by a mere lapse of memory. Because the Legislature believed it essential the authorities know at all times the whereabouts of those who have been convicted of committing sex offenses, it has created a demanding and rigorous registration scheme. (See Wright v. Superior Court (1997) 15 Cal.4th 521, 527-528, 63 Cal.Rptr.2d 322, 936 P.2d 101.)
A person convicted of a qualifying crime is required to register for the rest of his or her life. (§ 290, subd. (a)(1)(A).) A registrant with no residence address is required to update his registration every 90 days. (§ 290, subd. (a)(1)(B).) A registrant is required to register annually within five working days of his birthday. (§ 290, subd. (a)(1)(C).) He must within five working days register with the police agency of the location where he has taken up residence. (§ 290, subd. (a)(1)(A).) He must within five working days notify the police agency with which he last registered of any change of address. The agency must within three days notify the Department of Justice which must in turn must notify the jurisdiction to which the registrant is moving. (§ 290, subd. (f)(1).) A registrant must notify within five days the police agency of the location in which he resides of any change of name and it must so notify the Department of Justice. (§ 290, subd. (f)(2).)
Section 290, subdivisions (b)(l)(2), (c), requires all registrants on release from confinement or to probation be informed of their registration requirements. The official who explains the registration requirement must sign any form required by the Department of Justice indicating the notification has been given. The official is *15 required to obtain the address where the registrant plans to reside and report it to the Department of Justice and the police agency responsible for that location. If the qualifying conviction was for a felony, the notification required must be made not later than 45 days before the registrant's release from confinement.
When changes have been made in registration requirements the Legislature has made provision for registrants to be so informed. The Legislature has provided that the failure to receive such notification is a defense to a charged failure to comply with the new requirement. (See, e.g., § 290, subd. (l )(1).)
The Legislature obviously believes it is of great importance that those who have committed qualifying sex offenses be readily available for police surveillance. (See Wright v. Superior Court, supra, 15 Cal.4th at p. 527, 63 Cal.Rptr.2d 322, 936 P.2d 101.) To this end the Legislature has created a registration scheme that places strict demands not only on registrants but on state and local agencies. The legislation also contains strict requirements for notification to registrants of their obligations under section 290. In the face of such rigorous notification and registration requirements, it is unreasonable to believe that in this context the Legislature intended that a mere lapse of memory would excuse a failure to register. There are simply some things that cannot be forgotten. To allow forgetfulness to excuse a failure to register, would serve, in this context, as an incentive not to remember.
Our interpretation of the section does not render the requirement for willfulness in section 290, subdivision (g)(2), meaningless. Often when criminal liability is predicated on a failure to fulfill an obligation, there is a requirement that the defendant be aware of or know of some fact, status or condition that triggers the obligation. (See LaFave and Scott, Vol. 1, Substantive Criminal Laiv, sec. 3.3(b), pp. 289-291.) Criminal culpability arising from the informing and registration requirements of section 290 requires first, reasonable notification or awareness of the obligation to inform and register (see Lambert v. California, supra, 355 U.S. 225, 78 S.Ct. 240, 2 L.Ed.2d 228) and second, knowledge that an event triggering the obligation to inform and register has occurred, e.g., that the defendant's birthday has arrived or that he has changed addresses or moved to a new jurisdiction.
As to the triggering event, we take the element of willfulness in the context of section 290, subdivision (g)(2), to require the defendant be actually aware the triggering event has occurred. The willfulness requirement, however, does not require an immediate and conscious awareness of the duties under section 290. This is so since once informed of those duties a claim of a failure to recollect is simply a variation on the defense of ignorance of the law that, of course, is no defense at all.

B. Conditions of Probation[*]
The judgment is affirmed.
NARES, J., and HALLER, J., concur.
NOTES
[1] Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of DISCUSSION part B.
[2] All statutory references are to the Penal Code unless otherwise specified.
[*] See footnote 1, ante.