Filed 1/14/26; certified for publication 2/10/26 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| ZENITH INSURANCE COMPANY et al., <br><br> Petitioners, <br><br> v. <br><br> WORKERS' COMPENSATION APPEALS BOARD and KIN CHAN, <br><br> Respondents. | H052785 <br> (WCAB No. ADJ13725280) |

In *Mayor v. Workers' Comp. Appeals Bd.* (2024) 104 Cal.App.5th 713 (*Mayor*), review granted December 11, 2024, S287261, the First District Court of Appeal held that the Workers' Compensation Appeals Board (WCAB, appeals board, or the Board) acted in excess of its jurisdiction when it granted a petition for reconsideration after expiration of the 60-day statutory deadline set out in former section 5909 of the Labor Code[1] (Stats. 1992, ch. 1226, § 5, p. 5766) (former section 5909).  Citing a similar decision in *Zurich American Ins. Co. v. Workers' Comp. Appeals Bd.* (2023) 97 Cal.App.5th 1213

---

[1] All further unspecified statutory references are to the Labor Code.

(*Zurich*), the Court of Appeal in *Mayor* assumed without deciding that while equitable tolling might be available to avoid the running of the statutory deadline in limited cases, the facts of that case did not support the application of such an exception. (*Mayor*, at p. 1311.)

In *City of Salinas v. Workers' Comp. Appeals Bd.* (2025) 113 Cal.App.5th 801 (*City of Salinas*), review granted November 19, 2025, S293212, a panel of this court largely agreed with the analysis in *Mayor* and *Zurich*. This court further decided that the statutory timeframe for the grant or denial of a petition for reconsideration does not implicate the Board's fundamental jurisdiction, allowing for the possibility of equitable tolling in a narrow class of cases. (*Id.* at pp. 826–827.) This court found such circumstances present in *City of Salinas* and affirmed the Board's decision granting reconsideration. The California Supreme Court has granted review of this court's decision in *City of Salinas,* holding the decision for its review of *Mayor*.

The petition for writ of review in this case presents issues similar to those in *City of Salinas*, *Mayor*, and *Zurich*. Petitioners Zenith Insurance Company (Zenith) and New Sam Kee Restaurant, LLC (the restaurant) seek review of the appeals board's order and decision after reconsideration. In that decision, the appeals board rescinded the order of the workers' compensation administrative law judge (WCJ) denying compensation to respondent Kin Chan and substituted a new finding that Chan's injury is not barred from compensation.

Petitioners contend that the Board lacked jurisdiction to grant Chan's petition for reconsideration, which was "deemed denied" by operation of former section 5909. Petitioners maintain, contrary to this court's decision in *City of Salinas*, that equitable tolling is not available under former section

2

5909 as a matter of law. Petitioners assert in the alternative that, even if equitable tolling were available, the circumstances of this case do not warrant its application here.

We decline to revisit the statutory analysis in *City of Salinas* and agree with petitioners that the Board exceeded its jurisdiction in granting Chan's petition for reconsideration. We also agree with petitioners' alternative argument that the narrow grounds for the Board to exercise equitable tolling have not been met in this case. We therefore reverse the order and decision of the appeals board.

## I. FACTS AND PROCEDURAL BACKGROUND

*A. Workers' Compensation Claim*

At the time of his injury, Chan was an employee of the restaurant working as a prep cook. Chan's coworkers included chef Ha Xu Huynh (Huynh)[2], cashier and waiter Johnny Trieu (Trieu), and kitchen worker Kieu Luu (Luu). Chan and Huynh had worked together since approximately 2008. Trieu is the restaurant owner's son.

On September 15, 2020, Chan and Huynh were preparing dishes in the restaurant when they began to argue. The argument escalated. Huynh struck Chan in the right eye, causing a broken eye socket, among other injuries.

Chan filed an application for workers' compensation claim in October 2020. He alleged specific injuries to the eye and other body parts stemming from the workplace incident with Huynh. The restaurant and its insurance carrier, Zenith, filed an answer denying the allegations and asserting

---

[2] Huynh is also referred to in the record as Ah Chuan.

affirmative defenses, including the "initial physical aggressor defense under" section 3600, subdivision (a)(7).[3] (Capitalization omitted.)

The matter proceeded to trial before the WCJ. The WCJ received evidence, including medical records documenting Chan's injuries and treatment, and heard testimony from Chan, Huynh, Trieu, and Luu.[4] The parties agreed that because Zenith and the restaurant had the burden of proof as to the initial physical aggressor defense, they presented testimony first.

According to Chan, the incident occurred when Huynh began tossing vegetable and meat scrapings on to the restaurant kitchen's worktable and yelling obscenities at him. Chan testified that he walked toward Huynh but did not yell or throw anything, nor did he have anything in his hands. As Chan tried to explain Huynh's conduct to Trieu, Huynh stepped forward and struck Chan in the right eye.

Huynh denied arguing with Chan. Huynh testified that he had complained about Chan's ingredient preparation, and in response Chan insulted Huynh's mother, threw a container at Huynh, and picked up a knife and came toward him. Although Trieu and the owner's other son entered the kitchen and restrained Chan and Huynh, Chan hit Huynh on the head and

---

[3] Section 3600, subdivision (a) provides, in relevant part, for workers' compensation liability against an employer "for any injury sustained by his or her employees arising out of and in the course of the employment . . ., in those cases where the following conditions of compensation concur:  [¶]  . . . [¶]  (7) Where the injury does not arise out of an altercation in which the injured employee is the initial physical aggressor."

[4] The testimony recounted herein is drawn from the WCJ's detailed minutes of the hearing and summary of evidence. No transcript of the hearing appears in the record on appeal.

Huynh hit him back, believing he was in danger and needed to defend himself.

The other witnesses (Trieu and Luu) testified that there was an argument, though they did not know how it started, and that Chan approached Hunyh with a knife. Trieu testified that Chan came walking fast around the table towards Huynh with a knife in his hand, while Luu reported that Chan threw a dish across the worktable at Huynh, then pounded on the table with a knife and approached Huynh.

Luu and Huynh each testified that they did not believe the presence of their employer (the restaurant owner) in the courtroom affected their testimony in any way.

After trial, the WCJ issued written findings and order (findings and order), finding that Chan "sustained a specific injury" which "occurred during an affray with a co-worker in which [Chan] was the initial physical aggressor." The WCJ ordered that Chan "shall take nothing by reason of this claim."

The WCJ discredited Chan's and Huynh's inconsistent narrations and self-described innocent conduct, finding that "the sworn testimony of neither [Chan] nor [Huynh] is credible enough to inspire confidence." The WCJ found Luu and Trieu "generally credible," noting their observations varied in only minor respects. The WCJ thus determined that Luu and Trieu both saw Chan take up a knife from his workstation and walk toward Huynh, who stepped around Trieu and struck Chan on his face, causing significant injury. The WCJ reasoned that case law does not limit application of the " 'initial physical aggressor' " defense to the party who initiated actual physical contact. The WCJ held that "[a]ssault without battery has been held to meet the definition of 'initial physical aggressor' on many occasions, and that was

5

clearly the case here" in that Chan advanced toward Huynh "in an angry fashion with a knife in hand." The WCJ deemed Chan the initial physical aggressor, barring compensation for his injury.

*B. Petition for Reconsideration*

On November 18, 2022, Chan timely submitted a petition for reconsideration of the findings and order. The petition for reconsideration challenged the WCJ's finding that Zenith and the restaurant had established the initial aggressor defense. Chan argued that Zenith and the restaurant failed to meet their burden of proof as to the affirmative defense and that the WCJ's factual findings establish "by law" that Huynh, not Chan, was the aggressor.

Zenith opposed the petition for reconsideration, arguing that the trial judge's credibility determination should be afforded great weight and persuasive evidence supported the WCJ's finding that Chan was the initial physical aggressor.

On November 28, 2022, the WCJ served on the parties a report and recommendation (report and recommendation), recommending that reconsideration be denied.

On November 30, 2022, the case file for the petition for reconsideration was transmitted via the electronic adjudication system (EAMS)[5] to the

---

[5] When a petition for reconsideration is filed, it is scanned into EAMS pursuant to the division rules (Cal. Code Regs., tit. 8, §§ 10206 [electronic document filing], 10205.11 [manner of filing]). Next, a "task" is sent to the WCJ through EAMS, and the WCJ receives notice that a report is required. (See *id*., tit. 8, §§ 10206, 10962.) Notice is provided to the Board when the district office electronically transmits the case to the Board through EAMS. The EAMS system is maintained by the administrative director of the Division of Workers' Compensation, who administers all 24 district offices and the employment of more than 190 WCJs. (See *Mayor*, *supra*, 104

Board. However, the Board did not receive notice of and review the petition for reconsideration until January 17, 2023.[6] Upon receiving notice, the Board acted on the petition for reconsideration within 60 days and, on March 3, 2023, issued an order granting the petition for reconsideration for purposes of "further study" (grant-for-study order). The grant-for-study order stated that "reconsideration must be granted to allow sufficient opportunity to further study the factual and legal issues in this case. We believe that this action is necessary to give us a complete understanding of the record and to enable us to issue a just and reasoned decision. Reconsideration is therefore granted for this purpose and for such further proceedings as we may hereafter determine to be appropriate."

Approximately one year and eight months after the grant-for-study order, on November 1, 2024, the Board issued an opinion and decision after reconsideration (November 2024 order). The November 2024 order rescinded the WCJ's findings and order denying compensation and substituted a new finding that Chan's injury is not barred from compensation because the restaurant and Zenith "failed to prove that [Chan] was the initial physical aggressor."

As for the timing of its November 2024 order, the Board acknowledged that former section 5909 provided for the denial of a petition for reconsideration "by operation of law" if the appeals board failed to act on the petition within 60 days of the petition's filing. The Board explained that the filing of a petition for reconsideration at a district office commences the review process by the WCJ, who reviews the petition and transmits the

Cal.App.5th at p. 1303, fn. 3, review granted; *City of Salinas, supra,* 113 Cal.App.5th at p. 811, fn. 4, review granted.)

[6] The Board states it cannot explain why it did not receive notice of the petition for reconsideration until approximately 48 days after it was filed.

report and recommendation and case file to the Board to act on the petition. However, according to the Board, on "rare occasions, the case file may be transmitted, but may not be received and processed by the [a]ppeals [b]oard within the 60-day period, due to an administrative error or other similar occurrence." When this occurs due to no fault of the applicant seeking reconsideration, the Board argued that it may consider "whether circumstances exist to allow an equitable remedy, such as equitable tolling."

In support of applying equitable tolling to the instant occasion, the Board invoked *Shipley v. Workers' Comp. Appeals Bd.* (1992) 7 Cal.App.4th 1104, 1108 (*Shipley*) for the proposition that " 'the burden of the system's inadequacies should [not] fall on [a party].' " The Board explained that a timely filed petition that is never considered by the appeals board because it is " 'deemed denied' " due to an administrative irregularity outside the petitioning party's control deprives the parties of their due process right to a decision on the merits and is incompatible with the constitutional mandate for the workers' compensation system "to 'accomplish substantial justice in all cases expeditiously, inexpensively, and without [i]ncumbrance of any character.' " (Quoting Cal. Const., art. XIV, § 4.) The Board also considered a party's apparent reliance on the grant of a petition for reconsideration for purposes of further study (insofar as the party has not attempted to seek judicial review of the " 'deemed denial' " or the grant-for-study order) as additional support for the application of equitable tolling. Applying these considerations to Chan's petition for reconsideration, the Board concluded that "the requirements for equitable tolling have been satisfied in this case."

*C. Petition for Writ of Review*

Zenith and the restaurant filed a petition for writ of review in this court (petition) to challenge the lawfulness of the Board's November 2024

8

order acting on the petition for reconsideration long after the expiration of the 60-day statutory deadline under former section 5909. Petitioners asserted that the Board's action granting Chan's petition for reconsideration met none of the statutory requisites governing the time to act or the permissible grounds for reconsideration. Petitioners disagreed that appellate decisions supported the use of "grant-for-study" orders and the application of equitable tolling to extend the Board's jurisdictional window for ruling on a reconsideration petition. They argued that *Shipley* was "questionable when decided" and that more recent cases, including *Earley v. Workers' Comp. Appeals Bd.* (2023) 94 Cal.App.5th 1 (*Earley*), *Zurich*, *supra*, 97 Cal.App.5th 1213, and *Mayor*, *supra*, 104 Cal.App.5th 1297, review granted, have rejected similar actions of the Board as in excess of its statutory authority.

Petitioners also asserted, as an independent basis for review, that the November 2024 order paid no deference to the trial judge's express and implied factual findings and erroneously substituted the Board's own evidentiary findings and conclusions for those of the WCJ.

Chan and the Board (together, respondents) each filed an answer in opposition to the petition. The Board noted the California Supreme Court's consideration of the equitable tolling question in *Mayor* and argued that as a matter of judicial economy, proceedings in this matter be stayed until our high court's decision in *Mayor*. Alternatively, the Board asserted the 60-day timeline under former section 5909 is not jurisdictional in a fundamental sense and may be subject to equitable tolling by the appeals board when, through no fault of the parties, it is unable to review a petition for reconsideration until after the 60-day period has elapsed. The Board argued that the circumstances of this case warrant equitable tolling because the facts are "squarely in line with those in *Shipley*."

9

In his answer, Chan further argued that the Board acted timely in granting the petition for reconsideration under circumstances "directly analogous" to *Shipley*. Chan emphasized that after being injured by a coworker in the workplace, his petition for reconsideration was "lost within the inefficiency of the" workers' compensation system through no fault of his own, leaving him without benefits due to the trial judge's misinterpretation of the law on the initial physical aggressor defense.

On July 30, 2025, this court issued an order granting the writ of review. The writ of review directed the Board to certify and return its official record in the case to this court and invited briefing. The Board submitted opposition to the requested relief and petitioners filed a reply to the opposition. Chan did not file an opposition brief following the order granting writ of review.

## II. DISCUSSION

Petitioners contend the Board's order and decision after reconsideration exceeded the fundamental jurisdiction of the Board and usurped the factfinding authority of the trial court. Petitioners further contend that *City of Salinas* should not control the outcome of this case, arguing that the decision misinterpreted the law on fundamental jurisdiction as applicable to government agency deadlines and, in any event, does not support the application of equitable tolling under the facts of this case.

In response, the Board requests that this court stay proceedings pending the California Supreme Court's disposition in *Mayor*. The Board asserts that should this court proceed on the merits, the decision of the Board should be affirmed under *City of Salinas*.

For the reasons stated in *City of Salinas*, we decline the Board's invitation to stay our consideration of this matter until the California

10

Supreme Court completes its review in *Mayor*. (See *City of Salinas*, *supra*, 113 Cal.App.5th at p. 823, review granted.) We therefore turn to the merits of the petition, beginning with jurisdiction and the standard of review.

*A. Writ Review and Standard of Review*

Section 5950 authorizes an application for writ of review of Board decisions on petitions for reconsideration "for the purpose of inquiring into and determining the lawfulness of the original order, decision, or award or of the order, decision, or award following reconsideration." If reconsideration is granted, "[t]he application for writ of review must be made . . ., within 45 days after the filing of the order, decision, or award following reconsideration." (*Ibid*.)

"Judicial review 'is limited to determining whether the Board acted "without or in excess of its powers" and whether its decision was unreasonable, not supported by substantial evidence, or procured by fraud.' " (*Mayor*, *supra*, 104 Cal.App.5th at p. 1305, review granted, quoting *Department of Corrections & Rehabilitation v. Workers' Comp. Appeals Bd.* (2018) 27 Cal.App.5th 607, 617 (*Department of Corrections*); § 5952.) "A court is not permitted 'to hold a trial de novo, to take evidence, or to exercise its independent judgment on the evidence.' (§ 5952.) 'The findings and conclusions of the appeals board on questions of fact are conclusive and final and are not subject to review.' (§ 5953.)" (*Mayor*, at p. 1305.)

We review issues of statutory interpretation and questions of law de novo. (*Department of Corrections*, *supra*, 27 Cal.App.5th at p. 617.) Nonetheless, "unless clearly erroneous, the [Board]'s interpretation of the workers' compensation laws is entitled to great weight." (*Genlyte Group, LLC v. Workers' Comp. Appeals Bd.* (2008) 158 Cal.App.4th 705, 714; accord *Boehm & Associates v. Workers' Comp. Appeals Bd.* (1999) 76 Cal.App.4th

11

513, 516.) "When the statutory language is clear and unambiguous, there is no room for the Board's interpretation." (*Department of Corrections*, at p. 617.)

We review de novo the jurisdictional effect of the statute and the availability of equitable tolling. (*Zurich*, *supra*, 97 Cal.App.5th at pp. 1226, 1230; *City of Salinas*, *supra*, 113 Cal.App.5th at p. 814, review granted.)

*B. Analysis*

Petitioners contend that the Board acted in excess of its jurisdiction when, approximately two years after Chan sought reconsideration of the WCJ's findings and order denying compensation on his claim, the Board rescinded the WCJ's order and substituted a new finding that Chan was not barred from recovering on his claim.

Petitioners assert that the language of former section 5909 provides a 60-day period within which the Board must act on a petition for reconsideration and allows for no equitable exceptions or extensions. Petitioners maintain that recent appellate court opinions and the 2024 legislative amendments to former section 5909,[7] which took effect while the petition for reconsideration remained pending before the Board in this matter, support their interpretation of the statute and the Board's jurisdiction to act. Petitioners moreover question the jurisdictional analysis articulated in *City of Salinas* and this court's determination that neither the language nor legislative history of former section 5909 deprives the Board of fundamental jurisdiction to act on a petition after the 60-day deadline, allowing in some circumstances the Board to exercise its equitable powers,

---

[7] In 2024, the Legislature amended former section 5909 by enacting Assembly Bill No. 171 (2023–2024 Reg. Sess.) (Assembly Bill 171) (Stats. 2024, ch. 52, § 27).

including tolling of the deadline. (*City of Salinas*, *supra*, 113 Cal.App.5th at pp. 824–825, review granted.)

We recognize petitioners' disagreement with the conclusion in *City of Salinas* that former section 5909 does not preclude as a matter of law equitable tolling of the 60-day deadline for the Board to act on a petition for reconsideration. Nevertheless, we decline to revisit that discussion here, because even assuming the availability of equitable tolling under *City of Salinas*, the facts do not support its application in this case.

     1.  Former Section 5909, Case Law, and Amendments

At the time that Chan filed his petition for reconsideration in November 2022, former section 5909 provided that "[a] petition for reconsideration is deemed to have been denied by the appeals board unless it is acted upon within 60 days from the date of filing." (Stats. 1992, ch. 1226, § 5, p. 5766.) Effective July 2, 2024, the Legislature amended former section 5909 by enacting Assembly Bill 171, implementing a two-year period in which the 60-day period is measured from the date the WCJ transmits the case to the appeals board rather than from the filing date of the petition for reconsideration. (*Mayor*, *supra*, 104 Cal.App.5th at p. 1303, review granted; see Stats. 2024, ch. 52, § 27.)

The Board's November 2024 order after reconsideration, as well as the March 2023 grant-for-study order (granting the petition for reconsideration for purposes of further study), were issued well after 60 days from the filing of the petition for reconsideration.[8] The Board contends that equitable

---

[8] Even under the amended statute, which temporarily shifted the trigger for the running of the 60-day period to the WCJ's transmission of the case file to the Board (Stats. 2024, ch. 52, § 27), the Board's grant of reconsideration as of the March 2023 grant-for-study order would not have

13

tolling applied to extend the statutory timeline, given the Board's belated receipt of notice—due to no fault of the parties—of the petition for reconsideration.

Several appellate court decisions have considered the dilemma posed by inaction of the appeals board on a petition for reconsideration within the 60-day review period. As described by this court in its decision in *City of Salinas*, we "agree[d] that the 'deemed denied' language of former section 5909 is mandatory, rendering—absent an exception—a decision outside the 60-day statutory deadline in excess of the Board's jurisdiction to act." (*City of Salinas*, *supra*, 113 Cal.App.5th at p. 823, review granted; see *Zurich*, *supra*, 97 Cal.App.5th at p. 1231; *Mayor*, *supra*, 104 Cal.App.5th at p. 1302, review granted.)

This court further considered the nature of the jurisdictional deadline established by former section 5909—an issue left unresolved by the decisions in *Zurich* and *Mayor*—and held that the consequence that a petition be deemed denied after 60 days does not deprive the Board of fundamental jurisdiction to act on a petition after that point. (*City of Salinas*, *supra*, 113 Cal.App.5th at p. 824, review granted; see *Kabran*, *supra*, 2 Cal.5th at p. 341; *Law Finance Group, LLC v. Key* (2023) 14 Cal.5th 932, 950–951.) This court concluded that in the absence of a clear legislative intent to preclude the Board from exercising equitable powers, the statutory deadline under former

---

fallen within the 60-day window. Under section 5909 (in its current configuration, as of July 1, 2024, and until July 1, 2026), Chan's petition would have been deemed denied unless acted upon within 60 days from the date the WCJ "transmits a case to the appeals board." (§ 5909, subd. (a).) According to the WCAB, transmission of the case file (presumably including the WCJ's report and recommendation) occurred on November 30, 2023, rendering the March 2023 grant-for-study order and November 2024 order after reconsideration substantially outside the statutory cutoff.

14

section 5909 may allow for equitable tolling in limited circumstances. (*City of Salinas*, at p. 824.) This court also reasoned that the recent legislative change in Assembly Bill 171, shifting the running of the 60-day period from filing of the petition for reconsideration to transmission of the case file by the WCJ to the appeals board, does not undermine this interpretation. (*City of Salinas*, at p. 826.)

### 2. The Grounds for Equitable Tolling Have Not Been Met

"[E]quitable tolling is a narrow remedy that applies to toll statutes of limitations only 'occasionally and in special situations.' " (*Saint Francis Memorial Hospital v. State Dept. of Public Health* (2020) 9 Cal.5th 710, 724 (*Saint Francis*).) Courts typically look to three " 'elements' " in deciding whether equitable tolling applies. (*Ibid.*) These elements are timely notice, lack of prejudice to the defendant, and reasonable and good faith conduct by the plaintiff. (*Ibid.*; see also *Addison v. State of California* (1978) 21 Cal.3d 313, 319.)

This court in *City of Salinas* evaluated these criteria with regard to the Board's tolling of the statutory deadline between the claimant's filing of the petition for reconsideration and the Board's receipt of the file transmission from the district office approximately 29 days after of the running of the 60-day period. (*City of Salinas*, *supra*, 113 Cal.App.5th at p. 827, review granted.) Relevant to our consideration in *City of Salinas* was the timing and nature of the Board's and claimant's actions, including that the Board's receipt of the file transmission was apparently prompted by a telephone inquiry to the Board by the claimant's counsel, who understood from his inquiry that the Board would adjust the timeframe for a decision on the petition once it received the file. (*Id.* at p. 829, fn. 10.) Further, in *City of Salinas*, the Board issued its decision after reconsideration within 60 days of

15

receipt of the transmission of the case file. (*Ibid*.) Under these circumstances, this court concluded that the claimant's conduct was objectively reasonable and in good faith, and all three factors for application of equitable tolling had been met. (*Id*. at p. 830.)

We recognize that the elements of equitable tolling identified in *Saint Francis* do not translate perfectly to the context here, where the delay being scrutinized is not a plaintiff's late filing but an administrative agency's tardy adjudication of a timely filing outside the statutory window. Nevertheless, as a "judicially created, nonstatutory doctrine" (*McDonald v. Antelope Valley Community College Dist.* (2008) 45 Cal.4th 88, 99) designed, in limited circumstances, "to 'soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court' " (*Saint Francis*, *supra*, 9 Cal.5th at p. 719), we consider its applicability here.

We disagree with the WCAB's contention that all elements of tolling are established in this matter. In *City of Salinas*, although the claimant's case file was scanned into EAMS, the case was not electronically transmitted to the Board until almost three months later, after the claimant's counsel contacted the Board to inquire about the status of the petition. (*City of Salinas*, *supra*, 113 Cal.App.5th at p. 811, review granted.) By contrast, the WCAB acknowledges that Chan's case file for the petition for reconsideration was electronically transmitted via EAMS to the Board on November 30, 2022, two days after the WCJ served his report and recommendation on the parties and 12 days after Chan filed the petition for reconsideration.

Despite transmission of the case file to the Board well within the 60-day window from Chan's filing, the Board asserts that for reasons "not entirely clear from the record," it did not receive notice of and review the

16

petition for reconsideration until January 17, 2023—the last day of the 60-day period under former section 5909.[9]

As a preliminary matter, we note that, unlike in *City of Salinas*, there is no evidence that the party seeking reconsideration—here, Chan—inquired into the status of his petition when the 60-day period elapsed, nor of any express or implied communication by the Board to counsel that would suggest the timeline for action on the petition was being reset to accommodate the Board's unexplained delay in receiving the transmitted case file.

Even more important, the Board has failed to show that, once it received notice of the petition for reconsideration, it acted diligently and in keeping with the spirit of the deadline that former section 5909 placed on Board reconsideration. Reasonable and good faith conduct in this context requires some showing of reasonable diligence by the party or parties seeking relief from the statutory cutoff. (See *Saint Francis*, *supra*, 9 Cal.5th at p. 729 [explaining that the third element encompasses the "two distinct requirements" of objective reasonableness and subjective good faith, where reasonableness focuses not on a party's intentions or motives "but instead on whether that party's actions were fair, proper, and sensible in light of the circumstances"]; *Hull v. Central Pathology Service Medical Clinic* (1994) 28 Cal.App.4th 1328, 1336 [examining diligence in the context of equitable tolling].)

---

[9] In its briefing in response to the petition, the Board refers to November 19, 2022, as the date Chan filed his petition for reconsideration and January 18, 2023, as the date the petition would be deemed denied pursuant to former section 5909. However, according to the certified record on appeal, the petition for reconsideration was filed and served on the parties on November 18, 2022.

17

The Board contends that it "sent a clear signal to the parties" of its intention to exercise jurisdiction and issue a final decision on the merits after reconsideration by issuing the grant-for-study order on March 3, 2023, within 60 days of its receipt of the case file. More specifically, the Board argues that insofar as the grant-for-study order was within the deadline for Chan to seek writ review of the denial by operation of law of his petition for reconsideration,[10] the failure to seek review at that point signals the parties' reliance on the March 3, 2023 grant of reconsideration.[11] The Board maintains it was objectively reasonable for Chan to rely upon the March 2023 grant-for-study order, since the only decisional authority at the time the

---

[10] The Board asserts that strictly applying former section 5909 would result in the petition for reconsideration being deemed denied on January 18, 2023, giving the parties until March 4, 2023, to file a petition for writ of review pursuant to section 5950. Adjusting for the one-day discrepancy between alleged filing dates, described *ante* (fn. 9), we assume the petition for reconsideration was deemed denied on January 17, 2023, giving the parties until March 3, 2023, or 45 days, to file a petition for writ of review pursuant to section 5950.

[11] The Board also asserted that petitioners should have sought writ review from the March 3, 2023 grant-for-study order. Citing *Mayor, supra,* 104 Cal.App.5th at pages 1309–1310, review granted, for the proposition that orders granting reconsideration for further study are final orders subject to review, the Board suggested that because petitioners failed to seek writ relief from the March 3, 2023 grant-for-study order, they are "now precluded from collaterally attacking the order as the Court of Appeal would lack jurisdiction." We reject this argument, which appears to conflate the mechanism of a writ of mandate pursuant to section 5955, as in *Mayor,* with that of a writ of review, pursuant to section 5950. Section 5950 authorizes application for writ of review "if a petition [for reconsideration] is granted . . ., within 45 days after the filing of the order, decision, or award *following reconsideration.*" (Italics added.) Petitioners' writ of review was properly taken from the November 2024 decision on the merits following reconsideration.

appeals board granted reconsideration was *Shipley*. (The decisions in *Zurich* and *Mayor*, issued in December 2023 and August 2024, respectively.)

We are not persuaded. The March 2023 grant-for-study order provided generic language stating that "reconsideration must be granted to allow sufficient opportunity to further study the factual and legal issues in this case." No action was taken thereafter by the Board until approximately 20 months later when the Board issued its November 2024 order after hearing on the merits of the case. This is not analogous to *City of Salinas*, which applied equitable tolling only to the limited period in which the Board was delayed in receiving transmission of the case file and where the Board provided a decision on the merits after reconsideration within 60 days of the delayed receipt of the case file. (*City of Salinas*, *supra*, 113 Cal.App.5th at pp. 810–811, review granted.)

Moreover, the decision in *City of Salinas* expressly declined to address the circumstance that exists here, in which the Board's issuance of a grant-for-study order purportedly operated to further extend the time for a ruling on the merits of the reconsideration beyond the 60-day deadline. (See *City of Salinas*, *supra*, 113 Cal.App.5th at p. 823, fn. 8, review granted.) Subsequent appellate authority (issued while the Board was considering the merits of Chan's petition for reconsideration following its March 2023 grant-for-study order and before the November 2024 order) squarely addressed the WCAB's practice of utilizing grant-for-study orders in this manner and directed the Board "to cease its grant-for-study procedure and to comply with the statute when granting reconsideration." (*Earley*, *supra*, 94 Cal.App.5th at p. 8.)[12]

---

[12] *Earley* held that orders granting reconsideration must comply with the relevant statutory provisions, namely section 5908.5, requiring the Board to explain its reasons for granting reconsideration and to identify the

19

Although *Earley* postdated the grant-for-study order in this case, the decision highlights the Board's practice of issuing orders granting reconsideration for purposes of further study that fail to state "the evidence relied upon and specify in detail the reasons for the decision" (§ 5908.5) and may lead to a delay of months or years before the Board issues a decision on the merits. (*Earley*, at p. 7; *Zurich*, *supra*, 97 Cal.App.5th at p. 1231.)

We agree with other decisions by the Court of Appeal that the Board's grant-for-study procedure does not comply with the statutory scheme. As explained in *Zurich*, "section 5906 envisions that the Board may grant a petition for reconsideration and rule based on the evidence previously submitted in the case or elect to grant reconsideration and then 'direct the taking of additional evidence.' [Citation.] And section 5908.5 requires the Board to state what evidence it relies on and the reasons for its decision—both in granting or denying a petition for reconsideration, and in its final decision affirming, rescinding, altering, or amending the initial findings or order. [Citation.] But the plain language of section 5909 and its legislative history make clear what the Board cannot do—ignore the 60-day deadline and then rule on the petition for reconsideration—because after 60 days, the

_____

evidence supporting its decision. (*Earley*, *supra*, 94 Cal.App.5th at pp. 10–11.) The *Earley* court rejected as noncompliant with the statute the Board's grant-for-study orders that "gave no reason for granting reconsideration other than a boilerplate statement that further study is necessary" (*id.* at p. 11) and reasoned that "a long-standing and incorrect procedure remains incorrect" (*ibid.*). The court further held that while the Board is not required to issue a final ruling on the merits within 60 days and a separate ruling on the merits may follow an order granting reconsideration (*id.* at pp. 13–15), the authority to rule subsequently on the merits does not alter the time of the Board under section 5909 to " 'act[] upon' a petition for reconsideration within 60 days by granting or denying the petition, not by finally deciding the merits." (*Earley*, at p. 16.)

20

Board no longer has jurisdiction to consider the petition." (*Zurich*, *supra*, 97 Cal.App.5th at p. 1231, fns. omitted; see also *Earley*, *supra*, 94 Cal.App.5th at pp. 10–11.)

The Board in this case has not attempted to explain the significant delay of 22 months between its receipt of the transmitted case file in January 2023 and the November 2024 order after reconsideration. The timing and nature of the orders issued by the Board in this case stand in contrast with *City of Salinas* and do not present circumstances suitable to the narrow, equitable remedy intended for " 'special situations' " (*Saint Francis*, *supra*, 9 Cal.5th at p. 724) as opposed to " 'a cure-all for an entirely common state of affairs.' " (*Ibid*.) In the absence of a record suggesting diligence in attempting to comply with the statutory procedures and the timeline for reconsideration notwithstanding expiration of the 60-day period under former section 5909, we decline to infer the third element of reasonable and good faith conduct to support the application of equitable tolling. (See *Saint Francis*, at p. 724.) Even assuming that, like in *City of Salinas*, the first two elements of timely notice and lack of prejudice to the defendant (here, petitioners) have been satisfied, we conclude this case does not present a special situation justifying tolling.

Absent application of an equitable exception extending the timetable for the appeals board to act on the petition for reconsideration, the Board's action may not be upheld under former section 5909. We conclude that the Board's November 2024 order was in excess of its jurisdiction to act on the petition for reconsideration and consequently must be reversed. (See *Zurich*, *supra*, 97 Cal.App.5th at p. 1236; *Mayor*, *supra*, 104 Cal.App.5th at p. 1301, review granted; *City of Salinas*, *supra*, 113 Cal.App.5th at p. 823, review granted.) In light of this conclusion, we need not reach the merits of

21

petitioners' argument challenging the Board's substitution, in deciding the petition for reconsideration, of its own findings and conclusions for those of the WCJ concerning the trial judge's interpretation and application of the "initial physical aggressor" affirmative defense.

## III. DISPOSITION

The November 1, 2024 opinion and decision after reconsideration of the Workers' Compensation Appeals Board is reversed. In the interests of justice, the parties are to bear their own costs in this original proceeding. (Cal. Rules of Court, rule 8.493(a)(1)(B).)

_____
Danner, J.

WE CONCUR:



_____
Greenwood, P. J.




_____
Bromberg, J.




**H052785**
*Zenith Insurance Company et al. v. WCAB*

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| ZENITH INSURANCE COMPANY et al., | H052785 (WCAB No. ADJ13725280) |
| Petitioners, | |
| v. | |
| WORKERS' COMPENSATION APPEALS BOARD and KIN CHAN, | |
| Respondents. | |

BY THE COURT:

The opinion in this case filed January 14, 2026, was not certified for publication. The court has received requests for publication made under California Rules of Court, rule 8.1120(a). After reviewing the requests, it appears the opinion meets the standards for publication under California Rules of Court, rule 8.1105(c). The court therefore orders that the opinion be published in the Official Reports.

1

_____

Danner, J.

_____

Greenwood, P. J.

_____

Bromberg, J.

**H052785**
*Zenith Insurance Company et al. v. WCAB*

Chernow, Pine & Williams, Barbara Mendenhall and Jeffrey J. Williams; Horvitz & Levy, Lisa Perrochet and Benjamin P. Covington for Petitioners Zenith Insurance Company and New Sam Kee Restaurant.

Allison J. Fairchild and Eric D. Ledger for Respondent Workers' Compensation Appeals Board.

Hanna Leung, Dan Herman Pelin for Respondent Kin Chan.

**H052785**
*Zenith Insurance Company et al. v. WCAB*